# Reichner, Appellant, *v.* Reichner.

*Appeals—Assignments of error—Motion for judgment n. o. v.—Act of April 22, 1905, P. L. 286—Act of March 24, 1877, P. L. 38.*

1. An appeal from a refusal of plaintiff's motion for judgment n. o. v. is defective which sets forth neither the motion nor the order of court.

2. Under the Act of April 22, 1905, P. L. 286, a party has a right to move for judgment n. o. v. upon the whole record only where he has presented a written point requesting binding instructions which has been reserved or declined. An oral motion for binding instructions is insufficient.

*Execution—Attachment execution—Defense by garnishee—Act of June 16, 1836, P. L. 755.*

3. Generally the garnishee in an attachment execution may make any defense against the plaintiff in the writ that he could have made against his original creditor. The judgment in the attachment establishes only the existence of the debt due the plaintiff by his immediate debtor. The plaintiff stands in no better position as to the thing attached than does his debtor, and any defense good against the latter will prevent a recovery against the garnishee.

*Assignment for benefit of creditors—Agreement between debtor and creditor.*

4. Where a creditor agrees in writing with his debtor that the latter shall apply the funds due the creditor to the payment of indebtedness to a third party for which the creditor was primarily liable, and the debtor secondarily liable, such an agreement cannot be construed as an assignment by the creditor for the benefit of his creditors.

*Evidence—Decree of Orphans' Court.*

5. A decree of the Orphans' Court awarding to a creditor his claim against the decedent's estate is prima facie evidence of the correctness of the claim in other proceedings.

Argued May 13, 1912. Appeal, No. 129, Jan. T., 1912, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1907, No. 3226, on verdict for garnishee in case of Winfield K. Reichner v. Samuel K. Reichner, Defendant, and Richard M. Cadwalader, Garnishee. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Attachment execution. Before AUDENRIED, J.

From the record it appeared that on October 25, 1907, Winfield K. Reichner entered judgment, in the Court of Common Pleas, No. 4, of Philadelphia County, against Samuel K. Reichner upon a judgment note for $7,700, dated August 8, 1905, and payable one day after date. The same day damages were assessed at $9,470 and an attachment execution issued against Richard M. Cadwalader and three other persons as garnishees. Subsequently rules were taken to dissolve the attachment and to open the judgment, but were discharged. Interrogatories and answers were filed, and a rule for judgment

against Richard M. Cadwalader was entered and discharged. Cadwalader filed a plea, but appellant failed to print it in his paper-book. In his abstract of proceedings he says that "ah issue was framed upon the usual general issue pleas being filed."

The case was called for trial February 7, 1912, before AUDENRIED, J., and resulted in a "verdict for the defendant in the issue, i. e. for garnishee Cadwalader." Plaintiff moved for a new trial and for judgment non obstante veredicto, but both motions were dismissed and judgment was entered on the verdict. Plaintiff appealed.

Upon the trial plaintiff showed that garnishee, who is a member of the bar, had been attorney for Mrs. Caroline Vautier in four suits brought against her by the defendant, Samuel K. Reichner, one of which had been marked to the use of the plaintiff, Winfield K. Reichner. On February 1, 1907, while these suits were still pending, an agreement was entered into between the parties to them and their respective attorneys, as follows:

"It is hereby agreed between George Bradford Carr, attorney-at-law, as counsel for Samuel K. Reichner, and Samuel K. Reichner, individually, and Winfield Reichner, assignee of the said Samuel K. Reichner, by a certain assignment bearing date May 8, 1906, as parties of the first part, and Richard M. Cadwalader, attorney-at-law, for Caroline Vautier, and Caroline Vautier, individually, that the case of Samuel K. Reichner against Caroline Vautier in Court of Common Pleas No. 1, March Term, 1906, No. 3767, and the case of Samuel K. Reichner against Caroline Vautier instituted in Common Pleas Court No. 2, March Term, 1906, No. 3768, but since transferred to Court No. 1, and the case of Samuel K. Reichner against Caroline Vautier instituted in the Court of Common Pleas No. 5, March Term, 1906, No. 3769, but since transferred to Court No. 1, and the case of Samuel K. Reichner to use of Winfield Reichner against Caroline Vautier in the Court of Common Pleas

No. 5, June Term, 1906, No. 4772, shall be settled on the following terms and conditions:

"The sum of $2,500.00 to be paid by the said Caroline Vautier in settlement of the above cases and all and any claims against her subject to the judgment of Frank A. Barnett against Samuel K. Reichner and Caroline Vautier, garnishee, C. P. No. 4, March Term, 1906, No. 2448, together with interest and costs, subject also to all the claims and demands of the creditors of the estate of Charles Reichner in the Orphans' Court, October Term, 1903, No. 541, of which the said Samuel K. Reichner was administrator and now is under order of said court to file his account. The said Caroline Vautier also to be released from her bond of $2,000.00 entered in the office of the Register of Wills as security for Samuel K. Reichner for the faithful performance of his duty upon taking out letters of administration upon the estate of Charles Reichner, deceased. Also it is especially understood and agreed that after all costs, interest and claims above mentioned, including the cost of taking depositions, are met that all the above named cases shall be discontinued and marked on the docket settled and ended, and all judgments against the said Caroline Vautier where Samuel K. Reichner is the judgment creditor marked satisfied. And the balance in hand, if any, paid to the said George Bradford Carr, counsel for the said Samuel K. Reichner, and his formal receipt given therefor."

In pursuance of the above agreement Mrs. Vautier placed in the hands of Mr. Cadwalader the $2,500.00, which appears, according to his testimony, to have been actually paid him by Mr. Reichner. At the time the attachment was served on him he had made payments under the agreement which reduced the amount in his hands to $1,533.76. He had paid none of the claims of the creditors of the estate of Charles Reichner, deceased, which, according to the adjudication of the Orphans' Court, amounted to $1,701.18. Mr. Cadwalader testi-

fied under objection, that none of these claims had been paid at the time of the trial, and that, when they should be paid, there would be nothing left from the fund for Samuel K. Reichner, the defendant.

Plaintiff claimed that he was entitled to a verdict against the garnishee for the balance of $1,533.76 remaining in his hands, but the trial judge held that the claims of the creditors of Charles Reichner were first entitled to be satisfied out of the fund and instructed the jury that, if they believed from the testimony that those claims had not been satisfied, they should find for the garnishee. If they believed that they had been paid, their verdict should be for the plaintiff for the amount of the unpaid balance. The jury found a verdict for the garnishee upon which judgment was entered.

*Errors assigned* among others were in the following form:

9. The learned trial judge erred in refusing plaintiff's motion for binding instructions.

10. The court below erred in refusing plaintiff's motion for a new trial.

11. The court below erred in refusing plaintiff's motion for judgment, non obstante veredicto.

*Jay R. Grier,* for appellant.—The facts show that no trust for the benefit of creditors of Charles Reichner estate was created: Beans v. Bullitt, 57 Pa. 221; Wallace v. Wainwright, 87 Pa. 263; Johnson's App., 103 Pa. 373; Burger v. Burger, 135 Pa. 499.

Even if the facts show an assignment in trust for the benefit of the creditors of Charles Reichner estate, such assignment not having been recorded as required by law, is void, as against the attaching creditor: Potts v. Mfg. Co., 25 Pa. Superior Ct. 206; Driesbach v. Becker, 34 Pa. 152; Colvin v. White, 200 Pa. 277; Wallace v. Wainwright, 87 Pa. 263; Englebert v. Blanjot, 2 Whart. 240; McCleery v. Stoup, 32 Pa. Superior Ct. 42.

The testimony of appellee as to the creditors of Charles Reichner estate being still unpaid was irrelevant: McCormac v. Hancock, 2 Pa. 310.

*Clarence E. Kuemmerle,* with him *Thomas Cadwalader* and *William D. Neilson,* for appellee.—An attaching creditor stands in the shoes of the debtor, and any equities or defenses that could be set up against the latter by the garnishee are equally available against the former: Farmers' & Mechanics' Bank v. Little, 8 W. & S. 207; Riddle v. Etting, 32 Pa. 412; Patten v. Wilson, 34 Pa. 299; Reed v. Penrose, 36 Pa. 214; Fessler v. Ellis, 40 Pa. 248; Kuhn v. Warren Springs Savings Bank, 20 W. N. C. 230; Jarecki Manufacturing Co. v. Hart, 5 Pa. Superior Ct. 422; Meigel v. Connecticut Fire Insurance Co., 5 Pa. Superior Ct. 491; Howard Oil & Grease Co. v. Hughes, 12 Pa. Superior Ct. 311.

The record of the estate of Charles Reichner, deceased, in the Orphans' Court of Philadelphia County was admissible to prove the claims of the creditors of the estate of Charles Reichner, deceased: Mengel v. Fire Ins. Co., 5 Pa. Superior Ct. 491.

Even if the agreement of February 1st, 1907, could be construed as an assignment for the benefit of creditors and void because not recorded under the provisions of the Act of March 24, 1818, Section 5, 7 Smith's Laws, 131 (2 Purdon's Digest, Stewart's, page 1902), the appellant could not successfully attach the fund in question.

The agreement of February 1st, 1907, is not an assignment for the benefit of creditors and it was not necessary that it be recorded under the provisions of the Act of March 24, 1818, Section 5, 7 Smith's Laws, 131 (2 Purdon's Digest, Stewart, page 1902) : Reamer v. Lamberton, 59 Pa. 462.

The testimony of the appellee that the claims of the creditors of the estate of Charles Reichner, deceased,

were unpaid was admissible: Reamer v. Lamberton, 59 Pa. 462; King v. Faber, 51 Pa. 387.

The burden was upon the appellant to prove that the fund in the hands of the appellee when the attachment issued, was the property of Samuel K. Reichner, the judgment debtor, and as such subject to attachment.

The appellant cannot attach a fund, which, by his formal agreement under seal, he has agreed shall be applied to particular purposes: Boyd v. Smith, 128 Pa. 205.

OPINION BY MR. JUSTICE POTTER, October 14, 1912:

The assignments of error in this case are drawn in disregard of the rules, and they are without merit as to substance. In the eleventh assignment, it is alleged that the court below erred in refusing plaintiff's motion for judgment non obstante veredicto. Neither the motion nor the order of court is given, but reference to the appendix shows that the motion was made under the Act of April 22, 1905, P. L. 286. That act gives the right to move for judgment non obstante veredicto upon the whole record, only to a party who has presented a point requesting binding instructions, which has been reserved or declined. It does not appear that any such point was presented in this case. The record shows that counsel for appellant made an oral motion for binding instructions, which was refused, and no exception was taken to the refusal. The Act of 1905 evidently refers to points presented under the Act of March 24, 1877, P. L. 38, §1, which requires such points to be "drawn up in writing and handed to the court before the close of the argument to the jury." An oral motion is not such a point. Where no request for binding instructions has been made or question of law reserved, judgment non obstante veredicto cannot be entered: Sulzner v. Cappeau-Lemley & Miller Co., 234 Pa. 162.

Upon the question of the liability of a garnishee, one of the later cases is Willis v. Curtze, 203 Pa. 111, where

the present Chief Justice said (p. 113) : "Generally the garnishee in a foreign attachment may make any defense against the plaintiff in the writ that he could make against his original creditor. The judgment in the attachment establishes only the existence of the debt due the plaintiff by his immediate debtor. The plaintiff stands in no better position as to the thing attached than does his debtor, and any defense good against the latter will prevent a recovery against the garnishee." The rule is the same in foreign attachment and attachment execution. The Act of June 16, 1836, P. L. 755, §35, provides, "In the case of a debt due to the defendant, or of a deposit of money made by him, or of goods or chattels pawned, pledged, or demised, as aforesaid, the same may be attached and levied in satisfaction of the judgment, in the manner allowed in the case of a foreign attachment." In the present case therefore the plaintiff is not entitled to recover unless it appears that Samuel K. Reichner could have maintained an action against the garnishee, Richard M. Cadwalader, to recover the balance of $1,533.76 in his hands when the judgment was served upon him. Under the terms of the agreement it is clear that Reichner could not have maintained such an action without first showing that the creditors of Charles Reichner, deceased, whose claims were allowed by the Orphans' Court, had been paid. The fund in the hands of Mr. Cadwalader belonged to Caroline Vautier. It was placed in his hands for the purpose of carrying out the terms of the agreement of settlement. Mr. Cadwalader was acting for Mrs. Vautier in the transaction, for the purpose of protecting her interests under the terms of the agreement. Reichner had no interest in the fund until all the stipulated payments had been made, and the balance, if any, ascertained. We see no grounds upon which can be sustained the contention of counsel for appellant, that the agreement of February 1, 1907 amounts to an assignment for the benefit of his creditors by Samuel K. Reichner. It does amount to an admis-

sion on the part of Mrs. Vautier, that she owed Reichner $2,500.00, and it sets forth his willingness that she should make payment in discharge of her liability to other parties, on his account before paying over to him any part of it. That Samuel K. Reichner consented to the application of the proceeds of the settlement by Mrs. Vautier to the payment of indebtedness for which he was primarily liable, and she secondarily, did not make of the agreement an assignment for the benefit of his creditors. See Miners' National Bank's Appeal, 57 Pa. 193; Wood v. Kerkeslager, 227 Pa. 536. Counsel for appellant also contend that it was error to admit in evidence, the record of the Orphans' Court showing the decree by which the sum of $1,701.18 was awarded to the creditors of Charles Reichner. A decree of the Orphans' Court awarding to a creditor his claim against a decedent's estate, is prima facie evidence of the correctness of the claim in other proceedings: Phillips v. Allegheny Valley R. R., 107 Pa. 465. In the present case the amount of Mrs. Vautier's liability on the administration bond was fixed by the decree. The adjudication of the Orphans' Court was made within four years of the date of the trial of this case, so that no presumption of payment of the awards had arisen. The record showing them unpaid made out a prima facie case without the testimony of Mr. Cadwalader. His testimony was, however, explicit, and was not contradicted in any way.

The assignments of error are dismissed, and the judgment is affirmed.