# Hanick, Appellant, v. Leader.

*Practice, C. P.—Judgment n. o. v.—Point for binding instructions—Act of April 22, 1905, P. L. 286—Motion for new trial.*

1. The right to move for judgment non obstante veredicto upon the whole record is given by the Act of April 22, 1905, P. L. 286, only to a party who has presented a written request for binding instructions which has been reserved or refused; an oral request does not meet the requirements of the act.

2. Where at a trial of an action of assumpsit defendant files no written request for binding instructions in his favor, and upon verdict being rendered for the plaintiff by direction, does not move for a new trial, but contents himself with a motion for judgment non obstante veredicto upon the whole record, which is granted, such judgment will be reversed on appeal, and leave to file a motion for a new trial will not be granted, no such motion having been made or filed in the court below. The Supreme Court must accept the record of a case on appeal as it finds it and cannot read into it what it does not contain.

Argued Oct. 30, 1913. Appeal, No. 222, Oct. T., 1913, by plaintiff, from judgment of C. P. Allegheny Co.,

Fourth T., 1908, No. 77, for defendant n. o. v. in case of P. Hanick, agent for S. Di Simo, and Louis Lucchesi, v. William J. Leader. Before BROWN, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Assumpsit to recover the unpaid balance of rent from a surety on a lease. Before FRAZER, P. J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,169.20 and judgment thereon. The court subsequently entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*Marion H. Murphy,* with him *Thos. L. Kane,* for appellant.

*A. C. Purdy,* of *Scott & Purdy,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:

At the trial plaintiff submitted points asking for binding instructions and a verdict was directed in his favor. Defendant did not submit any points nor ask for any specific instructions. As the record then stood defendant was in position to ask for a new trial, or he could have caused judgment to be entered on the verdict and taken an appeal direct. He chose to file a motion for judgment non obstante, did not ask for a new trial, nor did he take any steps to put the record in shape for the purpose of appeal. He stood solely and alone on his motion for judgment n. o. v. upon the whole record under the Act of April 22, 1905, P. L. 286. In several recent cases this court has held that the right to move for judgment non obstante veredicto upon the whole record is only given to a party who has presented a point requesting binding instructions which has been reserved or refused: Haley v. American Agr. Chem. Co., 224 Pa.

316; Sulzner v. Cappeau-Lemley & Miller Co., 234 Pa. 162; Reichner v. Reichner, 237 Pa. 540. The defendant did not present a point requesting binding instructions and no question of law was reserved at the trial. So far as is disclosed by the record there was not even an oral request for binding instructions, but even if such a request had been made orally, it would not have been sufficient to meet the requirements of the act: Reichner v. Reichner, 237 Pa. 540. The judgment in the present case cannot be affirmed without ignoring the well established practice and settled rule as stated in the cases just cited, and numerous other cases of similar import. We see no escape from the conclusion that the judgment non obstante in the present case was erroneously entered and must be reversed. Counsel for appellee, evidently anticipating this result, suggests that the record be remitted with leave to reinstate the motion for a new trial and cites as an authority for this practice, Hardoncourt v. N. Penn Iron Co., 225 Pa. 379. A complete answer to this suggestion is that there is no motion for a new trial to be reinstated. No such motion was made or filed in the court below, and we must assume that counsel chose to stand upon his motion for judgment n. o. v. We must accept the record as we find it and cannot read into it what it does not contain.

This disposition of the case makes it unnecessary to enter into a discussion of the question relating to the liability of the surety on the bail bond. It only need be remarked that we are not at all convinced of the failure of the plaintiff to make out a prima facie case. On the other hand we are strongly inclined to the view that appellee was liable as surety and that he is not relieved from that liability for any of the reasons set forth in the printed argument.

Judgment reversed and is here entered for plaintiff on the verdict.