# Pyle *v.* Finnessy, Appellant.

*Appeals—Assignments of error—Charge—Exceptions—Answers to points.*

1. Assignments of error to portions of the charge and answers to points will not be considered where it appears that, although a general exception was taken, no request was made to have the charge or the answers to points filed as a part of the record.

2. Where no request is made to the judge at the trial before the jury has retired, to correct alleged mistakes in his instructions, only basic or fundamental errors can be considered on appeal.

3. To state that the complaint will be subsequently averred is not sufficient, as it makes impossible a correction by the court, before a decision by the jury.

*Appeals—Assignments of error—Motion for judgment n. o. v.— Act of April 22, 1905, P. L. 286.*

4. A motion for judgment n. o. v. must be made under the Act of April 22, 1905, P. L. 286, within the time prescribed for moving for a new trial. If it is filed later than such time, an assignment of error, based on the order, will not be considered.

*Appeals—Assignments of error—Evidence—Admission of evidence—Motion to strike out.*

5. Assignments of error to the admission of evidence, will not be considered, where it appears that the evidence complained of was received before objection was interposed, and that no motion to strike it from the record appears.

Argued May 11, 1922. Appeal, No. 45, Oct. T., 1922, by defendant, from judgment of C. P. Butler Co., Sept. T., 1920, No. 48, on verdict for plaintiff, in case of E. H. Pyle v. M. B. Finnessy. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Ejectment for land in Muddy Creek Township. Before REIBER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned,* inter alia, were various rulings and instructions, appearing by the opinion of the Supreme Court, quoting the record.

*J. Campbell Brandon,* with him *W. D. Brandon,* for appellant.

*James E. Marshall,* with him *John R. Henninger,* for appellee.

OPINION BY MR. JUSTICE SADLER, June 24, 1922:

Plaintiff, owner of certain land by deed bearing date July 26, 1919, brought ejectment to recover against the defendant who held possession under two leases

made for definite terms, then expired, and "so long there-after as oil or gas can be produced in paying quantities." The former's grantor had conveyed, subject to rentals in the four wells drilled upon the land, and these royalties had been purchased and are owned by the defendant lessee. It was claimed that the operations were conducted occasionally, but without financial success, and by reason thereof a forfeiture was worked, of which notice was duly given, and possession of the land, encumbered with pipe lines and tanks, was demanded. The refusal of the lessee to remove led to this action of ejectment, and the issue framed raised the question as to whether the production was profitable; and, even if not, whether the plaintiff could reënter in view of the fact that the only party interested in the rentals was the defendant, who had acquired the ownership of the same. A trial resulted in a verdict for the plaintiff, and the subsequent entry of judgment, upon which this appeal is based. Thirteen errors have been assigned, which complain of the admission of testimony, the charge of the court, the answers to points and the refusal of defendant's motion for judgment non obstante veredicto; but an examination shows none which brings properly before us a matter for review.

Numbers nine to twelve inclusive complain of the instructions to the jury. Though a general exception was taken thereto, no request was made to have the charge filed as part of the record, and, under the many decisions of this court a consideration of the errors complained of cannot be had: Allegro v. Rural Valley Mut. Fire Ins. Co., 268 Pa. 333; Sikorski v. P. & R. Ry. Co., 260 Pa. 243. Even if this duty had been complied with, the alleged mistakes were not pointed out before the jury retired, and no opportunity was given the court below to correct any statement which might have been improperly made. Under such circumstances, only basic or fundamental errors can be now considered,—and none appear. To state, as here, that the complaints will be subse-

quently averred, is not sufficient, as it makes impossible a correction before a decision by the jury.

The same criticism is to be made of assignments three to eight inclusive, based on answers to points, or refusal thereof. As in the case of the charge, a general exception is not sufficient; they must be brought upon the record in the proper way if the ruling of the court below is to be reviewed: Ward v. Babbitt, 270 Pa. 370; Stine v. P. R. R. Co., 271 Pa. 115; Keck v. Ry., 271 Pa. 479; Mooney v. Kinder, 271 Pa. 485.

Number thirteen is directed to the refusal to enter judgment n. o. v. When the overruling of such a motion appears, a review ordinarily may be had, though no exception be taken, under the provisions of section 6 of the Act of May 11, 1911, P. L. 279 (Knobeloch v. Ry. Co., 266 Pa. 140), but the difficulty here presented arises from the failure to make the application for judgment in the court below, as directed by the Act of April 22, 1905, P. L. 286, which provides that it shall be presented "within the time prescribed for moving for a new trial." The record shows this was not done in the present case, which was tried in January of 1921, the motion for a new trial filed on January 29th, and that for judgment n. o. v. not until December 3d following,—two days before the opinion finally disposing of the case was recorded, though dated November 29th. By paper presented since argument, it would seem this motion was a substitute for an earlier one, but whether the former was in compliance with the requirements of the act is not disclosed. Under such circumstances, the error complained of is not properly before us.

Assignments one and two are based upon the testimony of witnesses who gave evidence of the cessation of operation of the wells prior to the date of the purchase of the property by the plaintiff. Without discussing the relevancy, it is sufficient to note that the evidence complained of was received before objection was interposed, and no motion to strike it from the record appears:

Broadnax v. C. & S. R. R. Co., 157 Pa. 140; Schweitzer v. Williams, 43 Pa. Superior Ct. 202; cf. Forster v. Rogers Bros., 247 Pa. 54. Further, a number of witnesses gave evidence as to the same fact without complaint, and no harm was done the defendant: Hollidaysburg M. & F. Seminary Co. v. Gray, 45 Pa. Superior Ct. 426.

In this state of the record, we are not called upon to decide as to the various matters suggested. However, we have considered all of the arguments advanced, and are convinced that a fair and impartial trial was had, and a just conclusion upon the merits of the controversy reached.

The assignments of error are overruled and the judgment is affirmed.