# West *v.* Manatawny Mut. F. & S. Ins. Co. (et al.), Appellant.

*Practice, C. P.—Judgment n. o. v.—Motion to certify testimony —Appeals—Record—Return for correction—Jurisdiction— Question not made in court below—Rule of court—Act of April 22, 1905, P. L. 286.*

1. The court has no jurisdiction to enter judgment n. o. v. under the Act of April 22, 1905, P. L. 286, where the party whose point for binding instructions has been refused, has not made in due time a motion to have the evidence certified and filed, and for judgment n. o. v.

2. If, on appeal, the record discloses no such motion nor any evidence that one was made, a judgment n. o. v. cannot be sustained.

3. The matter is one of jurisdiction and cannot be ignored by the appellate court although the question of the absence of such motion was not raised in the lower court.

4. If the appellant desires that the record be returned to the lower court for correction, he should make his application before argument.

5. In such an application, the affidavits attached should show who made the motion, the language thereof, that it embraced a request that the evidence be certified and filed, and that a motion for judgment n. o. v. had been made within the time prescribed by the rule of court.

Argued February 27, 1923. Appeal, No. 91, Jan. T., 1923, by the Insurance Co., defendant, from judgment n. o. v. of C. P. Berks Co., Sept. T., 1921, No. 66, for plaintiff, in case of W. Howard West v. Manatawny Mut. Fire & Storm Ins. Co. and Paul K. Leinbach. Before

FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Assumpsit against endorser on promissory note. Before HENRY, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Directed verdict for defendant. The court entered judgment n. o. v. for plaintiff for $1,583.20. The Insurance Co., appealed.     · _ _

*Error assigned* was judgment, quoting it.

*C. H. Ruhl,* with him *T. K. Leidy,* for appellant.— Judgment for plaintiff n. o. v. in the court below was erroneously entered; the record of the proceedings show the court exceeded its power and was without jurisdiction in the premises: Keck v. Ry., 271 Pa. 479; Allegro v. Ins. Co., 268 Pa. 333.

*John G. Kaufman,* for appellee, cited: Haymaker v. Fulton Farmers' Assn., 271 Pa. 465; Moschzisker's Trial by Jury, section 333.     .

OPINION BY MR. JUSTICE WALLING, March 19, 1923:

At the trial of this action of assumpsit each side submitted a point for binding instructions, that for the defendant was affirmed and a verdict rendered accordingly. Thereafter the trial court entered judgment for the plaintiff n. o. v. and defendant has appealed.

The first question raised is the jurisdiction of the court to enter such judgment. Neither at common law nor under prior legislation did such a right exist (Robinson v. Myers, 67 Pa. 9, 18; State Bank v. McCoy, 69 Pa. 204, 210), but the Act of April 22, 1905, P. L. 286, 6 Purdon, 13th ed., 7139, provides, "Whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for a

new trial, or within such other or further time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence." To secure the benefit of that act its terms must be complied with, that is, the refusal of the request for binding instructions must be followed by a proper motion made in due time: Pyle v. Finnessy, 275 Pa. 54, 57. Here the record as duly certified discloses no such motion nor any evidence that one was made. True, the question of the absence of such motion was not raised in the lower court but, being one of jurisdiction, it cannot be ignored. It follows that as the record stands the judgment cannot be sustained.

Some days after we heard the argument, plaintiff filed a petition asking that the record be returned to the lower court for correction, to which an answer was filed. We do not see our way clear to grant the request; in good practice it should have been made before argument; but, waiving that, the affidavits attached to the petition are not convincing that such a motion for judgment n. o. v., as the statute requires, was in fact made. One affiant, a stenographer, says, "that, at the conclusion of the testimony, after verdict was taken, a motion was made requesting that the testimony be transcribed and for judgment n. o. v.," but that does not appear in the certified record and at most is merely her conclusion of what occurred. She fails to attach a transcript of her stenographic notes, covering that feature of the case, and does not state who made the motion or the language thereof or that it embraced a request that the evidence be certified so as to become a part of the record, or what if any order was made thereon. The stenographer's original record as certified shows nothing done after verdict. In addition, the Berks County court rule requires motions

for judgment n. o. v. to be made and filed within a certain specified time; yet there is no claim that such a motion was ever filed in the instant case. We have held that a motion for judgment n. o. v. can be made although no exception was taken to the refusal of the request for binding instructions (Keck v. Pbg., Harmony, Butler and N. C. Ry. Co., 271 Pa. 479; Knobeloch v. Ry. Co., 266 Pa. 140; Pyle v. Finnessy, supra), but we have not and cannot, without an entire disregard of the statute, hold that such motion can be dispensed with. The case was disposed of in the trial court on the assumption that a proper motion had been made. It is unfortunate that the record is not such as to enable us to consider the appeal upon its merits.

The judgment is reversed and the record is remitted to the court below that judgment may be entered upon the verdict.