Thomas F. Leonard Company, Appellant, *v.* Scranton Coca-Cola Bottling Company.

*Negligence—Automobiles—Collision—Case for jury.*

In an action of trespass to recover damages for injuries to an automobile, it appeared that plaintiff's machine was struck by defendant's truck, which had skidded on a wet street. It was also

established that plaintiff's machine was parked on the proper side of the street, that defendant's truck had approached at a speed of about twenty miles an hour and that a sandpile partly obstructed the street, which increased the necessity for caution.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

*Trials—C. P.—Judgment non obstante veredicto—Act of April 22, 1905, P. L. 286—Point for binding instructions.*

A motion for judgment non obstante veredicto must be based on a written point submitted to the court requesting binding instructions. An oral request is not such a presentation of points of law as is provided by the statute, and the defect is not cured by an order correcting the record nunc pro tunc. The requirements of the Act of April 22, 1905, P. L. 286, are mandatory and must be strictly followed.

Argued March 8, 1927. Appeal No. 7, February T., 1927, by plaintiff from judgment of C. P. Lackawanna County, October T., 1923 No. 740, in the case of Thomas F. Leonard Company v. Scranton Coca-Cola Bottling Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Trespass to recover damages for injuries to an automobile. Before MAXEY, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $1,345.00.

The defendant moved for judgment non obstante veredicto, which was opposed on the ground that no written request for binding instructions was submitted by the defendant. Thereupon the defendant filed a request for binding instructions which the court allowed nunc pro tunc and, after argument, entered judgment in favor of the defendant non obstante veredicto. Plaintiff appealed.

*Error assigned,* among others, was the decree of the court.

*Clarence Balentine,* and with him *William M. Curry,* for appellant—The requirements of the Act of April 22, 1905, P. L. 286, are mandatory and must be obeyed. The defendant could not ask for judgment non obstante veredicto when it failed to submit a written point: Hanick v. Leader, 243 Pa. 373; Reichner v. Reichner, 237 Pa. 546; Sulzner v. C. L. & M. Co., 234 Pa. 162; Beatty v. Boyson, 62 Pa. Superior Ct. 485; Standard Brewing Company v. The Knapp Co., Inc., 79 Pa. Superior Ct. 252; Engelhard v. Nordman, 83 Pa. Superior Ct. 199. The case was for the jury: Shafer v. Lacock, 168 Pa. 497; Ellison v. Atlantic Refining Company, 62 Pa. Superior Ct. 370; Vespe v. Rosen, 75 Pa. Superior Ct. 332; Bernstein v. Smith, 86 Pa. Superior Ct. 366; Latella v. Breyer Ice Cream Co., 87 Pa. Superior Ct. 325.

*Cornelius B. Comegys,* and with him *Ralph W. Rymer,* for appellee.

OPINION BY HENDERSON, J., April 22, 1927:

The plaintiff obtained a verdict for an injury to his automobile alleged to have been produced by the negligent control of a truck belonging to the defendant and operated by one of its employees. Subsequently the court made absolute a rule for judgment non obstante veredicto on the ground that there was a lack of sufficient evidence to sustain the verdict. Complaint is now made by the appellant (1) that the record does not support the judgment, and (2) that the court erred in holding that the evidence was not sufficient. The objection to the entering of the judgment non obstante veredicto is that no point of law "drawn up in writing and handed to the court before the close of the argument to the jury" was presented by the defendant as required by the Act of March 24, 1877; which requirement is at the foundation of the author-

ity given to the court by the Act of April 22, 1905, to enter judgment non obstante veredicto on the whole record. It seems not to be disputed that no request was drawn up in writing and handed to the court before the close of the argument asking for binding instructions in favor of the defendant. The verdict was rendered on January 19, 1926, and as appears from the docket entries, on the following day a motion for judgment non obstante veredicto was filed and a rule granted to show cause why such judgment should not be entered. On February 15, 1926, a request for binding instructions nunc pro tunc was allowed to be filed for the reason as set forth in the order of the court "that defendant's point hereinabove set forth was not reduced to writing and filed of record on January 18, 1926, although the same was presented to the court on said date, refused and the exception marked for defendant." What took place was that one of the counsel for the defendant made an oral request to the court for binding instructions which the court refused. This request was taken down by the court stenographer in shorthand, but the matter proceeded no further until the allowance by the court of the filing of the request in writing on February 15th. That the drawing up in writing and handing to the court before the close of the argument to the jury of "particular points of law" with respect to which the court is requested to charge the jury, is a condition precedent to the right to invoke the action of the court under the Act of 1905, has been decided in numerous cases: Sulzner v. Cappeau-Lemley & Miller Co., 234 Pa. 162; Reichner v. Reichner, 237 Pa. 546; Hanick v. Leader, 243 Pa. 373; Standard Brewing Co. v. The Knapp Co., 79 Pa. Superior Ct. 252; Gallner v. Adjustment Co., 80 Pa. Superior Ct. 283; Engelhard v. Nordman, 83 Pa. Superior Ct. 199. An oral request is not such a presentation of points of law as is prescribed by the statute: Reichner v. Reichner, supra. It is con-

tended by the appellee that the taking down of the attorney's request in shorthand is a compliance with the requirement of the statute inasmuch as the stenographer is an officer of the court, but the requirements of the statute are mandatory and must be strictly followed: Standard Brewing Co. v. The Knapp Co., supra. We regard it as clear that the notes taken by a stenographer legible to him alone have neither the form nor effect of particular points of law drawn up in writing and handed to the court before the close of the argument to the jury. Evident reference is had in the use of this language to the practice then and now familiar in the trial of cases when instruction on points of law is requested from the court. Such points become part of the record requiring action by the court at the delivery of the charge or in case of the reservation of a point at a later date. These written points are the basis of the court's action. The counsel for the appellant seemed to have realized this difficulty in the case when application was made for leave to file a written point for binding instructions nunc pro tunc, but we are of the opinion that the state of the record cannot be improved in this way. It was said in Harris v. Mercur, 202 Pa. 313, that when a statute fixes the time within which an act must be done, the courts have no power to enlarge it although it relates to a mere question of practice. The same rule was repeated in St. Clair Boro v. Souilier, 234 Pa. 27. As the statute fixes the time within which the requests for instruction are to be handed to the court, it is too late after the charge and verdict to amend the record.

No evidence was introduced on behalf of the defendant. There are no contradictions of evidence therefore nor is there controversy as to the facts disclosed by the testimony. The plaintiff's car was standing at the curb on the south side of Olive Street near its intersection with Prescott Avenue. A pile

of sand was in Olive Street immediately east of the avenue which obstructed the passage of vehicles at that point on Olive Street. The street had recently been paved and was opened that day for traffic. The defendant's truck was moving westwardly. There had been rain that morning which made the roads slippery. The truck was heavily laden with bottles of coca-cola and was moving, as the jury might have found from the evidence, at a speed of twenty miles an hour. The plaintiff's automobile and the obstruction in the street were in plain view from the truck for a considerable distance. The passage next to the sand was on the north side of the street. There was a slight down-grade in the direction in which the truck was moving. The road was somewhat crowned. The proper line of passage for the truck was on the north side of the street, the slope of which from the middle line was toward the north. The truck was so driven that when it was 90 or 100 feet east of the automobile, it left the north side of the pavement, the rear wheels skidding along and across the street, and against the plaintiff's car with such force as to badly damage it. It was the duty of the driver of the truck to take notice of the slippery condition of the street, and of the fact that his line of direction took him along the north side of the street through the narrow way limited by the sand pile. In so doing, it would appear from the evidence, a skidding movement would have carried the truck to or towards the north curb. The driver evidently realized the danger of the situation for he gave a warning cry to by-standers, but this was of no avail to enable the plaintiff to escape the peril in which he was placed. It is true that the mere skidding of a car is not of itself evidence of negligence, but it may be in the light of surrounding conditions and on all the facts involved it is our opinion that the evidence was properly submitted to the jury. The case is not unlike

Bernstein v. Smith, 86 Pa. Superior Ct. 366, in which a verdict for the plaintiff was sustained. If the case were to be disposed of on its merits, the verdict of the jury should be sustained. The lack of statutory support for the motion for judgment non obstante veredicto requires us to hold that the judgment should be reversed and judgment entered on the verdict.

The judgment is therefore reversed and the record remitted to the court below with direction to enter judgment on the verdict.