Petroleum Fuel Engineering Co. *v.* Hemphill, Appellant.

Argued October 14, 1927.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Charles Sinkler,* of *Williams and Sinkler,* and with him *James S. Clifford, Jr.,* for appellant.

*Joseph R. Rose,* and with him *Charles L. Taylor,* for appellee.

PER CURIAM, March 2, 1928:

This was an action brought by a manufacturer of oil burners against a heating contractor to recover the contract price of a burner which was installed in the house of one of defendant's customers. Following a verdict in favor of the defendant, the plaintiff filed motions (1) for a new trial and (2) for judgment non obstante veredicto, both being based on the contention that there was no evidence that the defendant had rescinded the contract, or, in any event, had done so within a reasonable time after the burner was in-

stalled. The court being of the opinion that there was no evidence of such rescission and that under the provisions of the Sales Act of 1915, P. L. 453, the verdict for the defendant could not be sustained, made absolute the rule for judgment non obstante veredicto, and, in consequence, as a matter of form, discharged the rule for a new trial.

In doing so the court apparently overlooked the fact that the plaintiff had not filed a point for binding instructions; and that in the absence of such point in writing judgment non obstante veredicto could not be entered for the plaintiff. Leonard Co. v. Scranton Coco Cola Bottling Co., 90 Pa. Superior Ct. 360. The judgment, accordingly, will have to be reversed.

It is apparent, however, that the Court did not pass upon the merits of the rule for a new trial, but discharged it as a matter of form following the entry of judgment non obstante veredicto. As this judgment is now reversed, we feel that opportunity should be given the court below to consider the rule for new trial upon its merits. This may be done by reinstating the rule, which we now do, pursuant to the broad authority conferred by the Act of April 22, 1905, P. L. 286.

Judgment reversed and rule for a new trial reinstated.