Loder and Sharp, Inc., Appellant, v. Township of Hamilton.

Argued March 11, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham, Baldrige and Graff, JJ.

*W. C. Sheely* of *Keith and Sheely,* and with him *Edmund C. Wingerd,* for appellant.

*J. Donald Swope,* for appellee.

OPINION BY GAWTHROP, J., November 12, 1930:

This action of assumpsit was brought by plaintiff against defendant, a township of the second class, to recover the sum of $1,500, with interest, being the first payment due on a Monarch tractor sold and delivered by plaintiff to defendant. The defenses which defendant undertook to establish at the trial were: (1) that the contract created a debt on the part of the township in excess of the current revenues thereof after deducting current charges against the same, and that no provision was made by the supervisors to provide for its payment within thirty years, as required by the constitution and legislation enacted thereunder in regard to increase of indebtedness; (2) that the contract was void because there was no approval of the same by the officer of the Department of Highways charged with that duty under the Act of May 17, 1921, P. L. 857, and the Administrative Code of June 7, 1923, P. L. 498. After defendant closed its case counsel for the respective parties made oral motions for binding instructions. The court directed a verdict in favor of plaintiff for the sum sued for, with interest. Whereupon, counsel for defendant orally moved "for a new trial and judgment n. o. v., reasons to be assigned within four days." This motion was taken down by the court stenographer. "Reasons in support of motion for new trial and for judgment n. o. v." were filed within the four day period, setting forth that the court erred in refusing defendant's motion for a compulsory nonsuit, in refusing its motion for binding instructions and in refusing its "point" for binding instructions.

Subsequently the court directed that judgment be entered in favor of defendant, notwithstanding the verdict, upon the ground that the contract for the tractor was void because it was not approved by the Department of Highways in accordance with the provisions of the acts of assembly relating to such a contract. From this judgment plaintiff appeals.

There is no dispute as to the following facts: On December 28, 1926, the supervisors of Hamilton Township signed an order, directed to plaintiff, to furnish to the township a Monarch tractor for the sum of $4,500, the same to be paid in three annual payments of $1,500, on June 1, 1927, 1928 and 1929. Plaintiff accepted the order in writing on January 13, 1927. On January 17, 1927, the assistant township engineer of the Department of Highways of the Commonwealth, who had investigated the matter of the proposed purchase, recommended the proposed contract to the Department of Highways for approval. The contract was then forwarded to the office of the township engineer of the Department of Highways, who was the official of that department who had been designated by the State Highway Commissioner, under the authority of the Administrative Code of 1923, supra, to approve or disapprove contracts entered into by the board of supervisors of townships of the second class for the purchase of equipment and machinery. On January 20, 1927, the contract was marked ''approved'' by a purchase order clerk in the office of the township engineer. This clerk had been authorized by the township engineer to approve, and affix his official signature to such contracts whenever the approval of the contract had been recommended by the assistant township engineer who had investigated the contract. The township engineer did not see this contract and had no knowledge of it. After the order had been approved in this manner it was returned to plaintiff, which delivered the

tractor, and the supervisors of the township accepted it. Under the terms of the contract $1,500, with interest, was due at the time suit was brought.

The main question presented for our consideration is whether the approval of the contract was effective to make it valid and binding on the parties. The Act of May 17, 1921, P. L. 857, provides that all contracts made by supervisors of townships of the second class "for the purchase of equipment and machinery shall be submitted to the Township Commissioner of the State Highway Department, for approval or disapproval, before such contracts are actually entered into, and no such contract shall be valid unless it shall be approved and signed by the Township Commissioner." The Act of May 17, 1921, P. L. 826, provides that the township commissioner shall divide the state into suitable districts and assign to each district an assistant engineer of township highways, and that each assistant engineer "shall investigate and recommend" to the township commissioner for approval or disapproval "all contracts for the purchase by townships of the second class of road building and repairing equipment."

The Administrative Code, supra, abolished the office of township commissioner and transferred the duties and powers of his office to the Department of Highways of the Commonwealth. As already stated the township engineer of the Department of Highways was the officer on whom that department had imposed the authority and duty of approving or disapproving such contracts. He testified that he approved this contract according to the method of approval which had been followed in the Department of Highways since the enactment of the Administrative Code. The department does not question the approval, but adopts it as its act. Appellant had the right to rely on that approval. To permit appellee to question the method by

which the contract was approved would result in a hardship to appellant, which the law does not require us to sanction. If the method followed by the Department of Highways in approving any such contract may be attacked in court by a party thereto when he is sued on the contract, no one would be safe in entering into a contract which had to be approved by that department. Our conclusion is that the approval which this contract received had the effect of rendering it valid and binding upon the parties. It follows that the court below fell into error in holding that the approval of the contract was ineffective and that the contract is in the position of an unapproved contract and void.

The judgment must be reversed for another reason, which apparently was overlooked by the court below. Defendant did not file a point for binding instructions. In the absence of such point in writing judgment non obstante veredicto could not be entered for it. See Petroleum Fuel Eng. Co. v. Hemphill, 94 Pa. Superior Ct. 362; Leonard Co. v. Scranton Coco-Cola Bottling Co., 90 Pa. Superior Ct. 360; Standard Brewing Co. v. The Knapp Co., 79 Pa. Superior Ct. 252. While the question of the absence of such point was not raised in the court below, nor in this court, it is one of jurisdiction and cannot be ignored: West v. Manatawny Mut. F. & S. Inc. Co., 277 Pa. 102. As the rule for a new trial was not disposed of by the court below we will remit the record for action on that rule.

The judgment is reversed with a procedendo.