Essex Packers Limited, Appellant, *v.* Kisecker, Appellant.

Argued January 8, 1953. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY and ARNOLD, JJ.

*Charles E. Rankin,* with him *Geary & Rankin, Ralph S. Croskey* and *Croskey & Edwards,* for plaintiff, appellant.

OPINION BY MR. JUSTICE JONES, March 25, 1953:

The plaintiff, Essex Packers Limited, sued Ethel Kisecker and her husband, Percy K. Kisecker, as co-partners, trading under the fictitious name, Darby Sea Food Company, for the unpaid balance due for merchandise sold by the plaintiff to the company. The defendants filed separate answers. Ethel Kisecker denied that she was a co-partner with her husband in the company or that she had any interest whatsoever in the business. Percy K. Kisecker likewise denied any business partnership with his wife and averred that he was the sole owner of the business being conducted under the trade name, Darby Sea Food Company. He further defended on the merits, alleging that the goods sued for were of inferior quality. At trial Percy K. Kisecker withdrew his defense to the merits and permitted judgment to be entered against him individually for the full amount of the plaintiff's claim with interest. The trial was then proceeded with to determine whether Ethel Kisecker was also liable for the debt as a part owner of the business. The single issue was as to who was or were the owner or owners of the business and consequently liable for its debts. The term "defendant", as used hereinafter, will refer to Ethel Kisecker only.

Apart from proving the unpaid indebtedness, the plaintiff offered in evidence a record of the registration of the Darby Sea Food Company filed in the office of the Prothonotary of Delaware County on April 4, 1923, under the fictitious names Act of June 28, 1917, P. L. 645, as amended. The registration showed, inter alia: "5. The name of the agent, if any, through which said business is to be carried on or conducted in the Commonwealth of Pennsylvania, with his address is: Percy K. Kisecker, 27 N. 10th Street, Darby, Pa. 6. The signatures of all parties interested follow: Ethel Kisecker." The plaintiff supplemented this with the testimony of the Deputy Prothonotary of Delaware County who testified that his search of the records in the Prothonotary's office had failed to reveal any withdrawal or cancellation by Ethel Kisecker of her registration as the owner of the Darby Sea Food Company. The plaintiff also offered a record of the registration of the Darby Sea Food Company filed in the office of the Prothonotary of Delaware County on October 14, 1947, under the fictitious names Act. This registration showed, inter alia: "5. The name of the agent, if any, through which said business is to be carried on or conducted in the Commonwealth of Pennsylvania, with his address is: —————————. 6. The signatures of all parties interested follow: P. K. Kisecker."

A motion for a compulsory nonsuit having been refused, Ethel Kisecker testified, in defense, that she had not been connected with the business of the Darby Sea Food Company for twelve or thirteen years and that it had been conducted solely by her husband. According to the court en banc, "there were various inconsistencies and contradictions in her testimony which indicated that at most there was a loose family relationship in the conduct of the business." The defend-

ant introduced in evidence a certificate showing that on October 14, 1947, she had filed in the office of the Secretary of the Commonwealth a signed statement, under oath, setting forth that on January 1, 1947, a dissolution of the business theretofore carried on under the trade name of Darby Sea Food Company had been effected and requesting that her registration be cancelled which had accordingly been done. The defendant also offered in evidence a certificate of the Secretary of the Commonwealth that P. K. Kisecker had registered on October 14, 1947, to do business under the name of Darby Sea Food Company and a like certificate of the Prothonotary of Delaware County that P. K. Kisecker had registered in that County on October 14, 1947, to do business under the same fictitious name.

The learned trial judge submitted the case to the jury under instructions that the uncancelled registration of Mrs. Kisecker as the owner of the business trading under the name of Darby Sea Food Company, on file in the Prothonotary's office of Delaware County, raised a rebuttable presumption that she continued to own the business at the time here involved and that, if the presumption was not overcome in the minds of the jury by the defendant's testimony, it was sufficient to justify the jury in finding the defendant liable. The jury returned a verdict in favor of the plaintiff and against Mrs. Kisecker who moved for a new trial and for judgment n.o.v. The court en banc granted the motion for a new trial but refused the motion for judgment n.o.v. Both the defendant and the plaintiff appealed the new trial order. The defendant also assigns for error the refusal of her motion for judgment n.o.v.

The refusal of judgment n.o.v. for the defendant must be affirmed. The motion did not comply with the requirements of the Act of April 22, 1905, P. L.

286, as amended (12 PS §681). The point was not argued by counsel, either orally or by brief, although it is suggested in the opinion for the court en banc. In any event, it cannot be ignored as we shall hereinafter see. Section 1 of the Act of 1905 provides that "Whenever, upon the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may within the time prescribed for moving for a new trial, or within such other or future time as the court shall allow, move the court to have all the evidence taken upon the trial duly certified and filed so as to become part of the record, and for judgment non obstante veredicto upon the whole record; whereupon it shall be the duty of the court, if it does not grant a new trial, to so certify the evidence, and to enter such judgment as should have been entered upon that evidence . . . ." The record in the instant case discloses that the jury's verdict was rendered on January 15th and that on January 18th the defendant filed her motion for judgment n.o.v. The time prescribed under local rule of court for moving for a new trial is "within four days after verdict".[1] The defendant had not, however, presented to the trial judge a *written* request for binding instructions. Such a request is required to be presented before the close of the argument to the jury: see Act of March 24, 1877, P. L. 38, Section 1, 12 PS §678. The docket entries show that on January 31st, sixteen days after the jury's verdict, counsel for the respective parties submitted to the trial judge a stipulation that the defendant should be permitted to file a point for binding instructions *nunc pro tunc*. Presumably, the stipu-

---

[1] Rule 186 of the Rules of the Court of Common Pleas of Delaware County adopted January 19, 1950, at No. 701, December Term 1949, of said court.

lation was approved as the defendant thereupon filed the supplemental motion for judgment n.o.v. here involved.

In *Reichner v. Reichner,* 237 Pa. 540, 546, 85 A. 877, it was said that the Act of April 22, 1905, P. L. 286, "gives the right to move for judgment non obstante veredicto upon the whole record, *only to a party who has presented a point requesting binding instructions,* which has been reserved or declined. It does not appear that any such point was presented in this case. The record shows that counsel for appellant made an oral motion for binding instructions, which was refused, and no exception was taken to the refusal. . . . An oral motion is not such a point. *Where no request for binding instructions has been made or question of law reserved, judgment non obstante veredicto cannot be entered*: Sulzner v. Cappeau-Lemley & Miller Co., 234 Pa. 162" (Emphasis supplied). In the *Sulzner* case, just cited, the plaintiff had unquestionably failed to make out a case; yet the defendant was denied judgment n.o.v., to which it would otherwise have been entitled, because it had not duly presented a written request for binding instructions. This court said that "Under these circumstances the defendant was not within the Act of April 22, 1905, P. L. 286, and had no right to judgment non obstante veredicto upon the whole record . . . ." Again, in *Hanick v. Leader,* 243 Pa. 372, 373-374, 90 A. 146, a judgment n.o.v. for the defendant was reversed by this court because the defendant had not presented at trial a point for binding instructions or a request that a question of law be reserved. It was there observed that "The judgment in the present case cannot be affirmed without ignoring the well established practice and settled rule as stated in the cases just cited, and numerous other cases of similar import."

It is not open to question that the requirements of the Act of 1905, supra, must be scrupulously complied with in order to give the court jurisdiction to enter a judgment n.o.v.: cf. *West v. Manatawny Mut. F. & S. Ins. Co.*, 277 Pa. 102, 103-104, 120 A. 763. The crucial deficiency in that case was the absence of a timely motion for judgment n.o.v. for which a request for binding instructions is a prerequisite. Speaking for this court, Mr. Justice WALLING said,—"To secure the benefit of [the n.o.v.] act its terms must be complied with, that is, the refusal of the request for binding instructions must be followed by a proper motion made in due time: Pyle v. Finnessy, 275 Pa. 54, 57. Here the record as duly certified discloses no such motion nor any evidence that one was made. True, the question of the absence of such motion was not raised in the lower court but, being one of jurisdiction, it cannot be ignored. It follows that as the record stands the judgment cannot be sustained."

Nor can the want of a timely presentation of a point for binding instructions be later supplied by a *nunc pro tunc* filing. The case of *Leonard Company v. Scranton Coca-Cola Bottling Company*, 90 Pa. Superior Ct. 360, 363, directly rules that point. In principle, the *Leonard Company* case and the present cannot be distinguished. In that case the verdict was rendered January 19, 1926; the following day a motion for judgment n.o.v. was filed; and on February 15th a request for binding instructions *nunc pro tunc* was allowed to be filed for the reason, as set forth in the court's order of allowance, "'that defendant's point hereinabove set forth was not reduced to writing and filed of record on January 18, 1926, although the same was presented to the court on said date, refused and the exception marked for defendant.'" What had actually taken place,

according to the opinion for the Superior Court, "was that one of the counsel for the defendant made an oral request to the court for binding instructions which the court refused. This request was taken down by the court stenographer in shorthand, but the matter proceeded no further until the allowance by the court of the filing of the request in writing on February 15th." With respect to that situation Judge HENDERSON, speaking for the Superior Court, said,—"That the drawing up in writing and handing to the court before the close of the argument to the jury of 'particular points of law' with respect to which the court is requested to charge the jury, is a condition precedent to the right to invoke the action of the court under the Act of 1905, has been decided in numerous cases: [cases cited]. An oral request is not such a presentation of points of law as is prescribed by the statute: Reichner v. Reichner, supra." In ruling on the precise question involved, Judge HENDERSON said,—"These written points [for binding instructions] are the basis of the court's action. The counsel for the appellant seemed to have realized this difficulty in the case when application was made for leave to file a written point for binding instructions nunc pro tunc, but we are of the opinion that the state of the record cannot be improved in this way." The *Leonard Company* case has been approvingly cited and followed a number of times. See *Petroleum Fuel Engineering Co. v. Hemphill,* 94 Pa. Superior Ct. 362, 364, where it was said that ". . . the court apparently overlooked the fact that the plaintiff had not filed a point for binding instructions; and that in the absence of such point in writing judgment non obstante veredicto could not be entered for the plaintiff." To same effect, see also *Loder and Sharp, Inc. v. Township of Hamilton,* 100 Pa. Superior Ct. 103, 108; *McAmbley v. Martin,* 100 Pa. Superior Ct. 593,

595; and *Smith v. Graham,* 101 Pa. Superior Ct. 604, 606.

It follows that the defendant's motion for judgment n.o.v. was technically defective and, for that reason alone, is not sustainable. We therefore do not have for decision the substantive questions of law inherent in the record relative to the seemingly conflicting separate registrations of the same fictitious trade name in the respective name of each of two persons as the sole owner of the business.

The defendant is in no position to complain of the granting of the new trial. The order was entered on her own motion. It is manifest that the plaintiff also is incapable of showing that the court below was guilty of a palpable abuse of discretion in granting the new trial. See *Bellettiere v. Philadelphia,* 367 Pa. 638, 642-643, 81 A. 2d 857, and cases there cited. That the new trial was justified, the concluding paragraph for the court en banc makes plain: "We feel that such a case as this should have been placed upon the pre-trial conference list prior to trial. The question of the effect of the failure to withdraw a fictitious names registration and the question of evidence necessary to establish and rebut presumptions are not involved in many cases. Neither counsel was thoroughly prepared on these questions at the trial and, as has been previously noted, the point for binding instructions was not presented at the trial but was permitted to be filed nunc pro tunc. We feel that in the interest of justice and in fairness to both parties the case should be retried and that previously thereto it should be placed on the pre-trial conference list." Nothing further need be added.

Order affirmed.