## Reeser v. Brobst

*Howard N. Stark,* for plaintiffs.

*Elwood Malos,* for defendants.

PER CURIAM, December 27, 1971.—This matter is before the court on defendants' motion for judgment n.o.v. and, in the alternative, for a new trial.

A suit was instituted by plaintiff-tenants under section 312 of the Landlord and Tenant Act of April 6, 1951, P. L. 69, 68 PS §250.101, et seq., against defendant-landlords to recover damages sustained because of an allegedly illegal distraint for rents due and because of an alleged conversion of certain of plaintiffs' property not distrained upon. Defendants counterclaimed for the amount of $464.40, representing rent then owing.

Plaintiffs and defendants entered into a lease for premises, consisting of a greenhouse and storeroom, to commence on November 1, 1966, and calling for a rental of $80 per month. Defendants paid rent through January 1967. Thereafter, they made no further rental payments.

On June 20, 1967, defendants engaged Leo Reinhart, a constable, to distrain on plaintiffs' personal property on the ground that the latter had refused to pay rent and were in arrears in the amount of $400. Constable Reinhart went to the premises and levied on the following goods, as specified in his return:

"1 Adding Machine

"1 McCosky cash register

"1 Clock—electric

"1 6′ showcase

"1 Commercial Ref. Penn K-D

"300 Pieces of pottery and china, and other items too numerous to mention."

Plaintiffs remained in possession of the leased premises until September 1, 1967, on which date defendants padlocked the premises and refused to allow plaintiffs to continue commercial operations therein until such time as the rent in arrears might be paid. It appears that negotiations concerning the back rent failed, and ultimately a constable's sale was held.

The constable's sale was held on March 29, 1968,

under the authority of section 309 of the Landlord and Tenant Act, supra. Section 309 provides, in applicable part:

". . . The sheriff, deputy sheriff, constable, or deputy constable shall fix a day, time, and place of sale, of which at least six days public notice in writing shall be given by handbills. The notice of sale shall specify the personal property to be sold sufficiently to inform the tenant or owner and to induce bidders to attend the sale."

Constable Reinhart posted three handbills announcing the sale: One on the premises; another in a general store about one-half mile from the premises; and the last at a local hotel. Although the six-day time requirement was met, the postings failed to list the majority of items which were subsequently sold. Specifically, the postings contained only five of the seven entries contained in the constable's return. Furthermore, at the sale some 35 separate lots were auctioned and sold, plaintiffs' uncontradicted valuation of all the property being $1,910.54. The net amount of sale proceeds realized was $164.40.

Plaintiffs' suit, as noted above, is based on section 312 of the Landlord and Tenant Act, supra, which provides, in part:

"The landlord and his agent shall be liable to the tenant or the owner of the personal property distrained on in an action of trespass, (1) if the distress is for more rent than is due, (2) or if the amount of personal property distrained is unreasonably great, (3) or if made after a proper tender of the rent due was rejected, (4) or if the distress is conducted irregularly or oppressively."

Plaintiffs alleged that the distress was conducted irregularly and/or oppressively in that:

"(a) Items which were not levied on were sold and/or converted to defendants' own use.

"(b) Defendants or their servant, agent and employee, as aforesaid, did not water and care for the plants or flowers and would not permit plaintiffs to enter to do so as a result of which they died.

"(c) In not preserving or permitting plaintiffs to preserve property levied on or property not levied on at the said premises.

"(d) In selling property for an amount in excess of the rent due.

"(e) In distraining for more rent than was due.

"(f) In using a poster and/or advertisement which was inadequate.

"(g) In wrongfully locking the premises and denying plaintiffs entry."

The court, in its charge, told the jury that under the evidence in the case, plaintiffs could recover if the amount of personal property distrained was unreasonably great or if the distress was conducted irregularly or oppressively. The court further instructed the jury that "distress . . . conducted irregularly or oppressively" means distress "instituted for the purpose of harassing the tenant or for some other improper motive."

The jury returned a general verdict for plaintiffs in the total amount of $3,654 and for defendants the amount of $464 on the counterclaim. The general verdict was prefaced, however, by the following unsolicited special finding:

"Although the legal action taken by the Brobsts was improperly executed, the jury feels that it was not deliberate except for the deflated bidding at the constable's sale."

Following this result, defendants moved for judgment n.o.v. and, in the alternative, for a new trial.

The matter now before the court for disposition is defendants' motion for judgment n.o.v. and, in the alternative, for a new trial.

## 1. MOTION FOR JUDGMENT N.O.V.

In support of their motion for judgment n.o.v., defendants contend that, while the law as charged by the honorable trial judge was correct, the jury's special finding was inconsistent with the general verdict and that, therefore, the former must control. However, we take issue with this position on several grounds.

In the first instance, the law as charged by the learned trial judge was incorrect. In regard to "irregularly or oppressively" as used in section 312 of the Landlord and Tenant Act, supra, the court charged that this means for the "purpose of harassing the tenant or for some other improper motive." While this charge may be valid concerning "oppressively," it is not applicable to "irregularly." The law is clear that the statutory directions in proceedings to sell a tenant's goods must be strictly complied with: 22 P.L.E. 175, §377. Taking the word "irregularly" in its normal sense, and in light of the fact that section 312 of the act places "irregularly" and "oppressively" in the disjunctive, we conclude that "irregularly" refers to the technical aspects of a distress sale. Therefore, the law as charged was incorrect, and error was committed. However, since the erroneous charge weighed in defendants' favor while the jury returned a general verdict for plaintiffs, neither plaintiffs nor defendants have standing to complain of the error.

In the second place, we do not agree with defendants' contention that the general verdict is inconsistent with the special finding. The jury found that the distraint "was not deliberate except for the deflated bidding at the constable's sale." Certainly, deliberately deflating bidding may qualify as an improper motive.

Lastly, assuming, arguendo, that the charge was correct and that the general verdict was inconsistent with the special finding, we would be constrained to deny defendants' motion for judgment n.o.v. It is well settled that a party has a right to move for judgment n.o.v. on the whole record only when he has presented, after the whole case and before a verdict, a written point requesting binding instructions which has been reserved or declined: Dora v. Dora, 392 Pa. 433, 141 A.2d 587 (1958); Falgiatore v. Falgiatore, 378 Pa. 586, 107 A.2d 864 (1954); Essex Packers Limited v. Kisecker, 373 Pa. 351, 95 A.2d 544 (1953). Defendants herein did not request binding instructions.

## II. MOTION FOR NEW TRIAL

Defendants next contend that if judgment n.o.v. be not their proper recourse, fundamental justice requires that at least a new trial be granted because of the inconsistency in the verdict. Although we have previously disposed of the contention that the general verdict was inconsistent with the special finding, nevertheless we agree that justice does require the granting of some relief inasmuch as the general verdict was contrary to law and excessive.

The total award of damages to plaintiffs was composed of three elements:

(1) $1,900 for the property sold at the constable's sale;

(2) $254 for other property converted by defendants;

(3) $1,500 for destruction of perishable plants and flowers to which plaintiffs were denied access for care and sale.

There was conflicting testimony as to the last two elements. Since the issue regarding these elements

was, therefore, strictly a question of credibility for the jury, we decline to disturb its findings therein. Our concern is, rather, with the $1,900 figure.

As noted above, Constable Reinhart posted three handbills announcing the impending constable's sale. Since there is nothing in section 309 of the Landlord and Tenant Act, supra, defining what shall constitute the public notice required by that act, either as regards the number of notices or the place or places where they should be posted, we find the case of American Seating Co. v. Murdock, 111 Pa. Superior Ct. 242, 169 Atl. 250 (1933), controlling in this regard. The Murdock court held that notice by posting on the premises, in an alderman's office and on the blind side of a telephone pole was sufficient notice. Consequently, we find that the proceedings with respect to those items actually listed in Constable Reinhart's postings were valid. A constable sale, fairly conducted, will be upheld unless substantial defects are disclosed: American Seating Co. v. Murdock, supra. There is no indication that the sale of those items actually listed was in any way defective. On the other hand, there is every indication that the sale of those items not listed was substantially defective, since the notice provisions of section 309 of the Act, supra, were wholly disregarded. However, entire distraint proceedings do not become void because of failure to give proper notice as to some of the articles to be sold: American Seating Co. v. Murdock, supra; National Cash Register Company v. Kline, 99 Pa. Superior Ct. 299 (1930).

Plaintiffs' uncontradicted valuation of those items actually listed in the sale notices is $827. In light of the foregoing principles, the verdict was excessive in that amount.

Accordingly, the court enters the following

94

## ORDER OF THE COURT EN BANC

And now, to wit, December 27, 1971, defendants' motion for judgment n.o.v. is hereby denied and dismissed. Defendants' motion for a new trial is also denied and dismissed, provided, however, that plaintiffs accept a remittitur of the verdict in the sum of $827; otherwise, a new trial shall be granted.