BENNINGTON.
*February,*
1830.

## STATE *vs.* HENRY LOVETT.

Where one, against whom a suit was brought, procured the writ from the justice and refused to return it to him, whereby further proceedings in the suit were prevented —it was held that the act was not an offence under the statute against impeding a public officer in the execution of his office.

To constitute an offence against that statute the impediment or hindrance must be while the officer is in the actual discharge of the duties of his office : and an act, which may in its remote consequences, only, prevent the officer from doing his official duty, is not provided against by the statute.

In order to constitute an offence, at common law, against public justice, the act must be done with an *intent* to prevent the course of justice ; and when a particular bad intention, accompanying the act, is necessary to constitute it a crime, such intention should be charged in the indictment.

This was an indictment under the 5th section of the act *for the punishment of certain inferior crimes and misdemeanors;* which section provides, " That if any person or persons shall impede " or hinder any officer, judicial or executive, civil or military, un- " der the authority of this state, in the execution of his office; such " person or persons, on conviction thereof, shall pay a fine," &c.

The indictment was as follows :

" The grand jurors within and for the body of the county of *Bennington*, aforesaid, now here in court duly empanneled and sworn, on their oath present, that *Henry Lovett*, late of *Pownal*, in the county of *Bennington*, aforesaid, heretofore, to wit, on the 28th day of March, A. D. 1829, with force and arms, at *Pownal* aforesaid, in the county of *Bennington* aforesaid, unlawfully did seize, take and convey away from and out of the custody of *Ezra Morgan*, then and there a justice of the peace within and for the county of *Bennington*, aforesaid, and against the will of him the said *Ezra Morgan*, a certain writ of attachment, before that time issued under the hand and official signature of the said *Ezra Morgan*, justice of the peace, as aforesaid, at the suit of *Abiathar Pratt* and *Mercy D. Pratt*, his wife, against the said *Henry Lovett*, and before that time served by *Jason Bushnel*, constable of *Pownal* aforesaid, and then and there pending for trial before the said *Ezra Morgan*, justice of the peace, as aforesaid, in an action on book account, the date of which said writ of attachment, the time of service, and other matters thereon appearing and therein specified, are unknown to the jurors aforesaid. And the said *Henry Lovett*, then and there wilfully and knowingly did impede and hinder the said *Ezra Morgan*, then and there a judicial officer under the authority of this state, to wit, a justice of the peace, as aforesaid, in the execution of his said office, to wit, in trying and determining the said suit, so commenced against the said *Henry Lovett*, as aforesaid, against the form of the statute in such case made and provided, and against the peace and dignity of the state."

BENNINGTON,
*February,*
1830.

State
*vs.*
Lovett.

The respondent pleaded not guilty, and on the trial testimony was offered, in support of the prosecution, to the jury, by which it appeared, that *Ezra Morgan,* a justice of the peace within and for the county of *Bennington,* issued a writ in an action on book account in favor of *Abiathar Pratt* and wife, against the said *Henry;* that the said writ was duly served by *Jason Bushnell,* a constable of *Pownal,* within the county of *Bennington,* and returned to said justice; that the justice, the evening before the day set in the writ for the trial of the said suit, was engaged in the trial of another cause, and the defendant came into the room where the justice was trying the cause, and asked him for the writ, saying *the officer served it in the night, and did not read it to him, and he wished to see it;* that the justice handed the writ to the defendant who took it, stepped aside, and, after looking at it for a moment, left the house, and took the writ away with him; and that the next day the justice called upon the defendant for the writ, and he denied he had received it, and refused to deliver it up.

The respondent then offered testimony, tending to show, that on the day set in the writ for the trial, and before the hour of trial, the respondent voluntarily came to the justice, and offered to accept service on another writ in favor of the same *Abiathar Pratt* and wife, against himself, upon the same cause of action, returnable at a future day; to which testimony the attorney for the government objected, and the court rejected it.

The court charged the jury, that if they found from the testimony in the case, that respondent obtained the writ from the justice on the day previous to that set in the writ for trial, with intent to detain it from the justice, and did detain it from the justice until after the day of trial, and so as to prevent the justice from proceeding to the trial of the cause, the jury ought to return a verdict that the respondent was guilty of the offence charged in the indictment; and that the facts charged in the indictment, if found to be true, would constitute the offence described in the 5th section of the statute entitled " an act for the punishment of certain inferior crimes and misdemeanors;" to which charge the respondent excepted.

The jury returned a verdict of guilty against the defendant, and he removed the cause to this court, on a bill of exceptions, stating the foregoing facts.

After argument, the opinion of the Court was delivered by

WILLIAMS, J.—The respondent was indicted for impeding

BENNINGTON,
February,
1830.

State
vs.
Lovett.

and hindering a judicial officer of this state under the 5th section of the act for the punishment of certain inferior crimes and misdemeanors. By that section and by a subsequent statute passed altering the punishment, it is enacted " that if any person or persons shall impede or hinder any officer, judicial or executive, civil or military, under the authority of this state, in the execution of his office, such person shall be liable to pay a fine, or be confined to hard labor in the state prison." On the trial of the respondent on this indictment, the evidence was that a writ had issued in favor of *Abiathar Pratt* and wife, against the respondent, which had been duly served and returned to *Ezra Morgan*, Esq. the justice who issued the same, and before whom the trial was to be had ; that the evening before the day set in the writ for trial, the defendant under some pretence obtained the writ from the justice, carried it away, and on the day of trial, on being requested by the justice to return the writ, refused to deliver it up, and denied that he had received it. The court charged the jury that, if they believed he thus obtained the writ with intent to detain it, and did detain the same from the justice until after the day set for trial, so as to prevent the justice from proceeding to the trial of the action, they ought to return a verdict that the respondent was guilty of the offence charged in the indictment, and that the facts charged in the indictment, if found to be true, would constitute the offence described in the before mentioned statute. Under this charge the respondent was found guilty, and on exceptions to the charge and to the decision of the court in rejecting certain testimony, the cause is now before us.

The principal question is, whether from the facts thus found there was such an impediment or hindrance of a judicial officer in the execution of his office, as constitutes the offence charged in the indictment. And it is to be remarked that the statute is highly penal, and is designed to punish those who interrupt by forcible means any officer, judicial or executive, civil or military, in the execution of his office, and also to protect those officers, while in the actual discharge of their duty, from any violent or forcible interference from those whose object it is to prevent them from discharging their duty. Having this view of the intent of the statute, we are of opinion that to constitute an offence against it, the impediment or hindrance to the officer must be while he is in the actual discharge of the duties of his office ; and that an act which may in its remote consequences, only, have the effect of prevent-

BENNINGTON,
February,
1830.

State
vs.
Lovett.

ing the officer from discharging his official duty, would not be the offence provided against in this statute.

If we give to this section of the statute the construction contended for, it would follow that, if any person should by improper practices prevent a constable from returning a writ, or by false information, or other means, should prevent a justice from attending at the place fixed for trial, he would be guilty of impeding and hindering a judicial officer in the execution of his office : and, by the same reasoning, preventing a non-commissioned officer from warning the men belonging to a company when thereto required by his commanding officer, by similar means, would be impeding or hindering a military officer in the execution of his official duties, and subject the persons to the penalty for violating this section of the statute before mentioned.    We cannot believe that this was the intent of the legislature, nor that the act will bear this construction.    The justice, *Morgan*, not being in the execution of the duties of his office at the time the respondent obtained from him the writ, notwithstanding it was obtained from him in the improper manner set forth in the case, the respondent was not guilty of the offence under the statute charged in the indictment.

We have also examined the question, whether the facts charged in the indictment and proved against the respondent did not amount to an offence at common law : for if they did, we might pronounce sentence against him for the misdemeanor.    It was admitted by the attorney for the respondent that the act proved may have been a misdemeanor, and it is a familiar principle that any obstruction of lawful process by active means, or by the omission of a legal duty, is indictable as a misdemeanor.    But on examining this indiciment it is found there is no offence charged which could subject the respondent to punishment.    Nothing more is charged than a mere trespass in unlawfully seizing, taking and carying away, the writ out of the custody of the justice.    It is not stated that it was detained until after the day set for trial ; that it was taken with any intent or design to impede or hinder the justice in trying the cause, or with any intent to prevent the course of public justice ; nor is it alleged that the act charged did occasion any impediment or hindrance to the justice in the execution of his office.    It is true, that in the close of the indictment it is charged, that he knowingly and wilfully did impede and hinder, &c. ; but it is not said that it was, by means of the acts stated, unlawfully done by the respondent.    In order to make the act done by this respondent, which is but a trespass, an

P

Bennington,
February,
1830.
_____
State
vs.
Lovett.

offence against public justice, it must have been done with an intent to prevent the course of public justice. And when a particular bad intention accompanying the act is necessary to constitute it a crime, such intention should be laid in the indictment. This indictment cannot be sustained for an offence at common law, and no sentence upon the same can be pronounced against the respondent.

As there is no motion in arrest, and the application is only for a new trial, a new trial must be granted, and the attorney for the state can determine whether it will be expedient to pursue the prosecution any further.

A new trial granted.

*Smith*, for State, appointed by the court for this trial.
*Hall*, for defendant.