## Commonwealth *v.* Mock, Appellant.

*Criminal law—Quashing indictment—Appeals—Exceptions.*

Where the refusal to quash an indictment is assigned for error and the motion to quash is based on an allegation of facts outside the record proper, the assignment must necessarily be overruled, if the facts are not brought upon the record by a bill of exceptions.

*Criminal law—Information—Indictment—Variance.*

There is no variance between an information charging the setting up and maintenance of "a public or common nuisance in and upon a public highway," and an indictment charging the setting up and maintenance of a public and common nuisance "in a common road, or highway for all citizens of this commonwealth to go, pass or travel at their will."

*Appeals—Evidence—Charge—Assignment of error.*

Where the charge of the court below has not been brought upon the record by exception, nor certified to, and the evidence has not been

printed, assignments of error relating to the charge and the evidence cannot be considered by the Superior Court.

*Criminal law—Motion in arrest of judgment—Sufficiency of evidence.*

A motion in arrest of judgment is not the proper mode of raising the question as to the sufficiency of the evidence to warrant a conviction.

Argued April 20, 1903. Appeal, No. 100, April T., 1903, by defendant, from judgment of Q. S., Westmoreland County, August T., 1902, No. 99, on verdict of guilty in case of Commonwealth v. Samuel Mock et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Indictment for maintaining a nuisance.

Defendant made the following motion :

And now, to wit: November 13, 1902, on motion of attorneys for defendant, move to quash the bill of indictment for the reason that the information charges maintaining a nuisance in a public highway, etc., without designation of place. Whereas, the indictment alleges and charges defendant with maintaining a nuisance in a common road or highway, being a distinct and separate charge to that for which defendant are compelled to answer and laid in the information in this case.

After conviction defendant moved to arrest. judgment and for a new trial for the following reasons :

1. That there was no evidence produced on part of this commonwealth that the road in question was a public road laid out or established by order of court, or in accordance to law.

2. The commonwealth, to convict, must prove affirmatively that the road in question was laid out by authority of law, a failure to so prove was fatal to the commonwealth's case, and verdict should have been in favor of the defendant.

3. The court erred in refusing defendant's first and second points.

4. The court erred in refusing to quash the bill of indictment for reasons assigned.

5. The court erred in his charge to the jury in saying that a road by prescription was a public road, and if from the testimony the jury so found, and the defendant obstructed the same, he would be guilty of a nuisance.

6. The testimony in the case was not sufficient to warrant the jury in finding the defendant guilty.

7. The verdict was against the weight of the evidence.

The court refused the motion.

*Errors assigned* were (1) refusal of motion to quash; (2, 3) refusal of points; (4, 5) refusal of motion in arrest of judgment and for a new trial.

*S. A. Cline*, with him *Lightcap & Warden*, for appellant.

*John B. Keenan*, with him *J. E. B. Cunningham*, for appellee.

OPINION BY RICE, P. J., May 22, 1903:

Where the refusal to quash an indictment is assigned for error and the motion to quash is based on an allegation of facts outside the record proper, the assignment must necessarily be overruled if the facts are not brought upon the record by a bill of exceptions. But even if the first assignment were supported by a bill of exceptions and it thus appeared that the information charged the defendant with having set up and maintained " a public or common nuisance in and upon a public highway," there was no variance between it and the indictment which charged the setting up and maintenance of a public and common nuisance " in a common road or highway for all citizens of this commonwealth to go, pass and travel at their will." This is too plain for argument.

The second and third specifications of error relate to the refusal of the defendant's points for charge, but the charge and the answers to the points were not brought upon the record by exceptions or otherwise, nor have they been certified to us. Moreover the question of the correctness of the rulings complained of depends upon the evidence, and as this has neither been printed nor sent up with the record it is manifest that these assignments must be overruled.

The fourth specification, alleging error in the refusal to grant a new trial, is not supported by an exception, and even if it were, it must be dismissed for the obvious reason that we cannot convict the trial court of an abuse of discretion,—the only ground upon which we could reverse its action in this particular,

—without having the evidence before us. We remark, however that the question raised on the hearing of the rule for a new trial, as stated in the opinion of the learned judge below, appears to us to have been correctly decided.

The reasons assigned in support of the motion in arrest of judgment were, in substance, that the evidence was insufficient to warrant a conviction, but a motion in arrest of judgment is not the proper mode to raise that question. This is all that need be said concerning the fifth assignment.

Finding no error in this record the judgment is affirmed and the record remitted to the court below to the end that the sentence be carried into effect.