# Fulmer's Estate.

*Decedent's estates—Executors and administrators—Date of distribution—Unauthorized acts—Surcharge.*

1. Where a will showed that the testator contemplated a settlement of his estate within three years from the date of his death, but the executor by trading in the real estate and securities prolonged the period of distribution several years, whereby losses resulted, the court made no error in surcharging the executor with such losses and with payments for which the estate was not liable.

*Practice, Supreme Court—Appeals—Decree—Assignments of error.*

2. An appeal from a decree of distribution of the Orphans' Court is defective where the decree has not been assigned as error.

Argued Oct. 22, 1913. Appeal, No. 59, Oct. T., 1913,

by E. E. Fulmer, Executor, from the decree of O. C.
Allegheny Co., Sept. T., 1912, No. 57, surcharging the
executor in Estate of George S. Fulmer, deceased.  Be-
fore FELL, C. J., MESTREZAT, POTTER, ELKIN and MOSCH-
ZISKER, JJ.  Affirmed.

Exceptions to adjudication.  Before MILLER, J.
The opinion òf the Supreme Court states the facts.
The court dismissed the exceptions.

*Errors assigned* were in overruling various exceptions
to the findings of the auditing judge.

*J. H. W. Simpson,* with him *E. E. Fulmer,* for appel-
lant.

*John E. Winner,* of *Brown & Winner,* with him *Trim-
ble & Chalfant, Reed, Smith, Shaw & Beal,* and *Robert
M. Ewing,* for appellee.

OPINION BY MR. JUSTICE ELKIN, January 5, 1914:
This appeal might very well be dismissed on the
ground that the decree of distribution has not been as-
signed for error.  This was a final decree, and when the
exceptions were overruled, the decree remained as the
final act of the court in the distribution of the estate.
The overruling of each of the exceptions was also assign-
able as error, but the decree of distribution should have
been included in the assignments.  However, we do not
rest our decision upon the failure of appellant to assign
the decree of distribution as error.  We have examined
with care the whole record for the purpose of satisfying
òur minds as to the merits of the controversy and to see
whether any injustice was done the executor by the sur-
charges directed to be made against him by the learned
auditing judge.  It would serve no useful purpose to
enter into a discussion of the many complicated matters
connected with appellant's handling of the estate.  The

testator contemplated the settlement of his estate by his executor within three years from the date of his death; but the executor failed to follow this direction, and by a course of dealing and trading in the real estate and securities belonging to the estate, he assumed the responsibility of prolonging the time for distribution several years, and by so doing losses resulted for which he is liable to account as the court below directed. Indeed as we view the record the learned auditing judge treated the accountant very leniently and he has no just ground of complaint. The evidence was ample to warrant every finding of fact, and this being a case in which the facts must necessarily control, there is no ground upon which to base a reversal of the decree of distribution here. Appellant may have acted in entire good faith in the management of the estate, and no doubt thought he was doing what was best to be done under·the circumstances, but he acted on his own initiative and assumed the responsibility for his acts, and when these resulted in loss to the estate, the auditing judge very properly surcharged him with such losses as he was clearly responsible for, and with payment of moneys for which the estate was not liable. We find no error in the record and the assignments are overruled.

Decree affirmed at cost of appellant.