# Beatty *v.* Boyson, Appellant.

*Appeals—Assignments of error—Refusal of new trial—Practice, C. P.*

Where a petition for a new trial based largely on allegations of fact outside the record, is met by a responsive answer in which the allegations are denied or explained, and no depositions are taken, the appellate court will assume that the trial court did not abuse its discretion in refusing a new trial.

*Appeals—Motion for judgment n. o. v.—Practice, C. P.*

The appellate court will not reverse an order refusing defend-

ant's motion for judgment n. o. v. where the record fails to show that such motion was based on a written point presented at the trial requesting binding instructions.

*Landlord and tenant—Action for rent—Pleadings.*

In an action for rent where the defendant sets forth as new matter in his answer an allegation of eviction which suspended rent, the plaintiff is not required to reply to such allegation as new matter, inasmuch as it is a mere conclusion of law. A failure to reply will not be deemed an admission of the allegation, under a rule of court which provides that all new matter averred by the defendant, and not denied by the plaintiff, shall be deemed to be admitted.

Argued Oct. 22, 1915. Appeal, No. 26, Oct. T., 1915, by defendants, from judgment of Municipal Court, Philadelphia Co., June T., 1914, No. 444, for plaintiff on case tried by the court without a jury in suit of John E. Beatty v. Frederick C. Boyson and Myer Magil, late trading as Boyson Envelope Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit for five months rent at fifty dollars per month less a credit of twenty-five dollars.

At the trial the court found in favor of the plaintiff for $230.50. The defendants filed a petition for a new trial in which they averred that the case had been tried in the absence of themselves and their counsel without notice of a transfer of the case for trial from one court room to another. The facts are stated in the opinion of the Superior Court.

*Errors assigned* were in entering judgment for plaintiffs, in dismissing motion for new trial, and dismissing motion for judgment for defendants n. o. v.

*Joseph Gross,* for appellants.—A new trial should have been granted: Gerlach v. Englehoffer, 7 Philadelphia 241; Epstein v. Ins. Co. of N. A., 245 Pa. 132.

*Allen Spangler,* for appellee.—The cases in which the appellate court will reverse for failure to grant a new trial are rare, and are only those in which there has been a clear abuse of discretion by the court below.

This rule applies also where the case was tried without a jury in the court below: Commonwealth v. Delaware, S. & S. Railroad, 165 Pa. 44; Slattery v. Supreme Tent, Etc., 19 Pa. Superior Ct. 108.


OPINION BY RICE, P. J., April 17, 1916:

Jury trial having been duly waived in the manner prescribed by the Municipal Court Act of 1913, this case was tried by the court without a jury, and resulted in a finding and judgment thereon in favor of the plaintiff.

One of the matters complained of on this appeal is the refusal of the defendants application for a new trial. The petition therefor was based largely on allegations of fact outside the record, as printed in the appellants paper book, and was met by a responsive answer in which many of these allegations were denied or satisfactorily explained. They relate to the transfer of the case for trial from one court room to another without notice, it is claimed, to the defendants, resulting in a trial in their absence. The facts being in dispute, and no depositions having been taken, it is to be presumed on this appeal that the court correctly decided that there had been no such irregularity as justified the defendants in absenting themselves from the trial and demanding a new trial.

The third and fourth assignments relate to the denial of the defendants motions for judgment in their favor upon the whole record and for a judgment in their favor n. o. v. Clearly neither of these motions could be sustained under the Act of 1905 because they were not based on a written point presented at the trial requesting binding instructions. Nor are the defendants in position to demand a review of the action of the court under that act because they have not printed the evidence. But it is claimed, in effect, that no matter what

the evidence was, recovery by the defendant, was conclusively barred by the record. This contention is based on the plaintiff's omission to file a reply to the paragraph of the defendants answer entitled "new matter," and the rule of court, that all new matter averred by the defendant and not denied by the plaintiff, or of which he does not declare himself ignorant and demand proof, shall be deemed to be admitted. This contention is not sustained. The so-called new matter was an allegation of eviction which suspended rent: but this was a mere conclusion of law which was based not on facts concerning which the plaintiff's statement of claim was silent, but on a virtual traverse of the facts which the plaintiff had alleged. Notwithstanding the plaintiff's failure to reply to the defendants legal conclusion that there was an eviction, the former had a right to prove the facts alleged in his declaration and if he did prove them then there was no eviction which barred recovery of the rent sued for. As counsel for the plaintiff well says, the defendants answer simply put at issue questions of facts which would be disposed of at the trial and could with no propriety be considered new matter within the meaning of the rule of court.

As the case is presented here, the assignments of error are without merit either substantial or technical.

The assignments of error are overruled and the judgment is affirmed.

The opinion in the above mentioned case was written by Judge RICE, to whom the case was duly assigned for that purpose during his term of office, and is now adopted as the opinion of the court.

BY THE COURT.