## Standard Brewing Co. *v.* The Knapp Co., Inc., Appellant.

*Practice, C. P.—Judgments non obstante veredicto—Act of April 22, 1905, P. L. 286—Point for binding instructions—Assignments of error—Appeals—Quashing appeals.*

The assignments of error constitute the only record in the appellate court and must be self-sustaining.

A motion for judgment n. o. v. must be based on a written point submitted to the court, at the trial, requesting binding instructions.

An appeal will be quashed where the record shows that the motion for judgment non obstante was not based upon a written point presented at the time of the trial requesting binding instructions.

The requirements of the Act of April 22, 1905, P. L. 286, are mandatory and must be strictly obeyed.

Argued March 8, 1922.   Appeal, No. 23, March T., 1922, by defendant, from judgment of C. P. Lackawanna Co., March T., 1918, No. 103, on verdict for plaintiff in the case of Standard Brewing Company v. The Knapp Company, Inc.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER and LINN, JJ.   Appeal quashed.

Assumpsit for breach of contract for the sale of calendars.   Before NEWCOMB, J.

From the record it appeared that the plaintiff placed an order for 3,100 calendars with the defendant company, which the latter failed to deliver. The plaintiff in consequence was obliged to go into the open market and purchase calendars of a similar kind, and sued to recover damages, resulting from the failure of the defendant company to fulfill its contract. The jury rendered a verdict in favor of the plaintiff for $436.97 and judgment was entered thereon. Defendant appealed.

*Error assigned* was in denying the defendant's motion for a rule non obstante veredicto.

The appellee moved to quash the appeal for the following reasons:

"1. The record shows that the motion for judgment non obstante veredicto, was not issued upon a written point presented at the trial requesting binding instructions, as required by the act of assembly.

"2. The assignment of error does not set forth a point in writing or otherwise presented at the trial requesting binding instructions, and is not self-sustaining.

"3. There is no assignment of error to the judgment entered on the verdict."

*Clarence Balentine,* and with him *C. A. Battenburg,* for appellant.

*Walter W. Harris,* of *Knapp, O'Malley, Hill & Harris,* for appellee.

PER CURIAM, April 17, 1922:

The reasons urged in support of the motion to quash this appeal are as follows:

First.—The record shows that the motion for judgment non obstante veredicto, was not based upon a written point presented at the trial requesting binding instructions, as required by the act of assembly.

Second.—The assignment of error does not set forth a point in writing or otherwise presented at the trial requesting binding instructions and is not self-sustaining.

Third.—There is no assignment of error to the judgment entered on the verdict.

The reason urged by the appellant in answer thereto; that he was under the impression that a written point had been presented at the trial, requesting binding instructions, and that it had been given to the court and to the stenographer, is not sufficient, as the requirements of the Act of March 24, 1877, P. L. 38, and the Act of April 22, 1905, P. L. 286, are mandatory and must be arbitrarily followed.

The assignments of error constitute the only record in the appellate court and must be self-sustaining: Vanderslice v. Donner, 26 Pa. Superior Ct. 319; Burkhard v. Penna. Water Company, 243 Pa. 369.

The statutory requirements may not be departed from: Butler Borough School District v. Penn Township School District, 64 Pa. Superior Ct. 208; and the method of procedure prescribed by the statute must be strictly complied with: Maurer v. Brennan, 58 Pa. Superior Ct. 587; St. Clair Boro. v. Souilier, 234 Pa. 27.

A motion for judgment n. o. v. must be based on a written point submitted to the court at the trial requesting binding instructions: Beatty v. Boyson, 62 Pa. Superior Ct. 483; Hanick v. Leader, 243 Pa. 372. The act provides for the appeal from the judgment entered by the court, and the assignment of error must relate to the final decree or judgment: Fulmer's Est., 243 Pa. 226.

On the record as presented, these defects are apparent, and the motion to quash must be sustained.

Appeal quashed.