# Gallner v. Adjustment, Inspection & Appraisal Co., Appellant.

*Practice, C. P.—Point for binding instructions—Act of April 22, 1905, P. L. 286—Appeals.*

Where the only question on appeal is the refusal of the trial court to give binding instructions, and it appears that the appellant made no request in writing for binding instructions, as required by the Act of April 22, 1905, P. L. 286, the appeal will be dismissed.

Argued October 19, 1922. Appeal, No. 226, Oct. T., 1922, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1919, No. 950, for claimant on feigned

284 GALLNER *v.* ADJUSTMENT, I. & A. CO., Appellant.

Statement of Facts—Opinion of the Court. [80 Pa. Superior Ct.

issue, in the case of Cecelia Gallner v. Adjustment, Inspection & Appraisal Company. Before PORTER, HENDERSON, TREXLER, LINN and GAWTHROP, JJ. Appeal dismissed.

Feigned issue to determine ownership of automobile truck upon sheriff's interpleader. Before PATTERSON, J.

The appellant sued to recover insurance premiums, and obtained judgments against the husband of the appellee. Execution was issued, and an automobile truck was levied upon. The appellee entered a claim to the truck and the sheriff entered a rule of interpleader. The issue tried was the validity of the title of Cecilia Gallner to the truck as against her husband's judgment creditor.

Verdict for the claimant and judgment thereon. Defendant appealed.

*Errors assigned* were refusal to enter judgment non obstante veredicto, refusal to grant a new trial, and failure to give binding instructions.

*Earle Hepburn,* for appellant.—Transfer of personal property, unaccompanied by any change of possession, is fraudulent as to the vendor's creditors: Clow et al. v. Woods, 5 S. & R. 275; McKibbin v. Martin, 64 Pa. 352; Hunter Construction Co. v. Lyons, 233 Pa. 561.

*Louis Bernstine,* for appellee.

PER CURIAM, November 28, 1922:

A motor truck, levied upon as A's property, was claimed by his wife, who subsequently got a verdict on the trial of the interpleader which followed. The judgment creditor has appealed, contending that the evidence was insufficient to sustain the verdict and that binding instructions for it should have been given. The obstacle to our consideration of the questions sought to be raised is that appellant made no request in writing for binding

instructions as required by the Act of April 22, 1905, P. L. 286, and the cases on the subject: Hanick v. Leader, 243 Pa. 372; Beatty v. Boyson, 62 Pa. Superior Ct. 483; Standard Brewing Co. v. Knapp Co., 79 Pa. Superior Ct. 252.

Accordingly the appeal is dismissed.