## Commonwealth *v.* Nathan, Appellant.

*Criminal procedure—Necessity of requests for binding instructions to be in writing—Acts of March 24, 1877, P. L. 38, May 11, 1911, P. L. 279, May 24, 1923. P. L. 439, and April 22, 1905, P. L. 286.*

An oral request for binding instructions, in a criminal case, is insufficient to bring before the appellate court the question of the sufficiency of the evidence to sustain a conviction. Such request must be made in writing as provided by the Act of March 24, 1877, P. L. 38.

The Act of May 11, 1911, P. L. 279, and its amendment of May 24, 1913, P. L. 439, providing for exceptions to answers to points and to the general charge were intended by the legislature to be in harmony with the provisions of the Act of 1877, with respect to the presentation of points.

The Act of April 22, 1905, P. L. 286, relating, inter alia, to the presentation of points for binding instructions, does not apply to criminal cases tried in the Court of Quarter Sessions.

*Criminal procedure—Sufficiency of evidence—Method of attack.*

The quality and weight of the evidence may be called in question by demurer to the evidence at the close of the Commonwealth's case, or by request for binding instructions, or on motion for a new trial.

The sufficiency of the evidence cannot be attacked by a motion in arrest of judgment.

*Criminal law—Extortion and blackmail—Elements of crime—Evidence—Sufficiency.*

In the trial of an indictment charging defendant with blackmail and extortion, it appeared that the husband of the prosecutrix had been arrested for possessing intoxicating liquors. There was evidence that the defendant procured money from the prosecutrix by telling her that her husband was guilty and promising to use his influence to secure his release and the settlement of the case against him. Such evidence was sufficient to sustain a conviction.

While extortion at common law was an offense committed by an officer under color of his office, the term has a broader significance in modern legislation and applies to persons who exact money either for the performance of a duty, the prevention of an injury, or the exercise of influence. It covers the obtaining of money or other property by operating on fear or credulity or by promise to conceal the crimes of others.

Argued March 13, 1928. Appeal No. 1525, April T., 1928, by defendant from sentence of Q. S., Mercer County, June Term, 1926, No. 69, in the case of Commonwealth of Pennsylvania v. Meier Nathan. Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Indictment charging defendant with extortion and blackmail. Before Prather, P. J., 30th Judicial District, Specially Presiding.

Verdict of guilty on which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were refusal of binding instructions and the discharge of defendant's motion in arrest of judgment.

*Joseph W. Nelson,* for appellant.

*Leo H. McKay,* District Attorney, for appellee.

OPINION BY HENDERSON, J., April 16, 1928:

The defendant was convicted of levying blackmail and extortion of money from one Mary Kodrich and thereafter a motion was made in arrest of judgment which the trial court overruled. The defense was that the defendant's act was not within the prohibition of the statute. The record does not show that a timely motion to quash the indictment was filed although the counsel for the appellant states in his brief that such a motion was presented but lost from the file. A request for binding instructions in favor of the defendant was orally made at the close of the charge. This however is insufficient to bring up the question of the sufficiency of the evidence for it was not present in writing as provided by the Act of March 24, 1877, P. L. 38. That Act provides that counsel may request the court to charge the jury on particular points of law drawn up in writing and handed to the court before the close of the argument to the jury, which points shall be filed immediately by the court and become part of the record of the case for the purpose of error. It applied to the trial of causes in the Courts of Common Pleas only. The Act of April 22, 1905, P. L. 286, provides that whenever in the trial of any issue, a point requesting binding instructions has been reserved or declined, the party presenting the point may, within the time prescribed for moving for new trial or within such other further time as the court shall allow, move the court to have all the evidence taken during the trial certified and filed so as to become part of the record and for judgment non obstante veredicto upon the whole record. This Act the appellant relies upon as relieving his counsel from the necessity of presenting a point in writing for the reason that it contained no direction that the points referred to should be in writing. The Act of May 11, 1911, P. L. 279, relates

to the trial of any case, civil or criminal, in any court of record in the Commonwealth. Section 2 provides for exceptions without allowance of the trial judge "to the answers to points" and the Act of May 24, 1923, amending the Act of 1911 permits a general exception to be taken to the charge or any part thereof, or to the answers to points, which exceptions are construed to relate to the charge and every part thereof and to the answer of the court to every point "where requests for charge are filed," and to the failure or refusal of the court to answer "any requests filed." Further provision is made that when an exception is so taken, the charge, notes of testimony, points and answers, "shall be filed" and become part of the record, etc. A connected reading of the provisions of these statutes supports the construction that the later legislation bearing on the same subject was intended to be in harmony with the Act of 1877 with respect to the presenting of points. It would be unreasonable to hold that the legislature intended to require points to be presented in writing in proceedings in the Court of Common Pleas and in subsequent legislation, by implication, to permit the presentation of them orally in any other courts. We held in Commonwealth v. Penna. R. R. Co., 72 Pa. Superior Ct. 353, that the Act of April 22, 1905, did not apply to criminal cases tried in the Court of Quarter Sessions, and we think it a sound construction of the Acts of 1911 and 1923 that the term "point" as used therein was descriptive of the same procedure provided for in the Act of 1877: Reichner v. Reichner, 237 Pa. 540; Ward et al v. Babbitt, 270 Pa. 370; Beatty v. Boyson, 62 Pa. Superior Ct. 483; Standard Brewing Co. v. The Knapp Co., 79 Pa. Superior Ct. 252. Entertaining this view of the law, no question is brought up by the assignments of error except the action of the court on the motion for arrest of judgment, and with respect to that, we do not find any support in the record. A

motion in arrest of judgment is not the method by which the sufficiency of the evidence can be attacked. Such an order is founded on defects appearing on the record. By demurrer to the evidence at the close of the Commonwealth's case, or by request for binding instruction for the defendant, or on a motion for new trial, the quality and weight of the Commonwealth's evidence may be called in question: Delaware Canal Co. v. Com., 60 Pa. 367; Swan v. Com., 104 Pa. 218; Com. v. Kammerdiner, 165 Pa. 222; Com. v. Mock, 23 Pa. Superior Ct. 51; Com. v. Walker, 33 Pa. Superior Ct. 167; Com. v. Penna. R. R. Co., supra; 3 Blackstone Comm. 395; Sadler's Criminal Procedure, Chapter 23, but the record does not show an effective resort to either of the methods above indicated. The testimony is therefore not before us. The indictment being in proper form to charge the misdemeanor of blackmail or extortion, the judgment is supported by the pleading.

We have examined the evidence, however, and are unable to agree with the counsel for the appellant that the charge is not sufficiently sustained. In common understanding, blackmail and extortion describe the same conduct. While extortion at common law was an offense commited by an officer under color of his office, the term has a broader significance in modern legislation and applies to persons who exact money either for the performance of a duty, the prevention of injury, or the exercise of influence. It covers the obtaining of money or other property by operating on fear or credulity or by promise to conceal the crimes of others. Blackmail was declared a felony in 43 Eliz. c. 13, and applies to the obtaining by exertion of influence as well as by threats of violence or intimidation. The evidence shows that a search of the house of George Kodrich, in Mercer County, resulted in the finding by a constable of about 150 gallons of elderberry juice or wine. Kodrich was then taken

into custody. His wife, after fruitless efforts to secure bail for him, was advised by a neighbor to see the appellant. They met at the neighbor's home. The evidence of the Commonwealth was that Nathan told Mrs. Kodrich her husband was guilty, that he knew as much about the law as any lawyer in Mercer County. He later brought a lawyer to Mrs. Kodrich who said to her you are guilty, but we can fix it for you. We will fix it for you if you will keep your mouth shut. This was said in the presence of the defendant. Mrs. Kodrich and her husband then went with Nathan to the neighbor's house. Nathan first asked $200 for getting the husband out. After further bartering, he agreed to take $170, $108 of which Mrs. Kodrich had at the time, and she borrowed $62 from a neighbor. Kodrich corroborated the testimony of Mrs. Kodrich as to the payment of the money. A son was present when the conversation took place between the defendant and his mother, in which the latter told Nathan that she wanted her money back; to which Nathan replied I cannot give you the money back. I got it all split up; all divided. She asked him with whom he had it divided and he answered I cannot tell you; that's not your business. He asked for $18 more which Mrs. Kodrich then paid him, whereupon he said to her "if anybody should happen to come to the house and say anything about this liquor get a broom and chase them out." The court very properly submitted to the jury the question whether, by putting Mrs. Kodrich in fear and promising to use his influence to secure the release of her husband and the settlement of the case against him, he had obtained from her or her husband the amount stated. It was a case of imposition on the credulity and fear of the parties furnishing the money as found by the jury and was conduct within the terms of the indictment.

The assignments are overruled and the judgment affirmed and the record remitted to the court below,

and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.