# Commonwealth of Pennsylvania *v.* Hoagland, Jr., Appellant.

*Criminal law—Extortion—Evidence—Sufficiency—Act of June 9, 1911, P. L. 833.*

In the trial of an indictment for extortion, there was evidence that a person engaged in the illegal manufacture and sale of intoxicants paid defendant a certain weekly sum for protection. Defendant demanded an increased amount and told him that those who paid would not be raided. Such evidence is sufficient to sustain a conviction under the act of June 9, 1911, P. L. 833.

The offense prohibited by the statute is not common law extortion. Whoever by written, printed or oral communication intimidates, levys blackmail or extorts money or other valuable thing from any person is subject to the statutory penalty. To extort is to wrest from, to exact, to take under claim of protection, or the exercise of influence contrary to good morals and common honesty. It is not necessary that threats and violence be used, nor that the act be committed under the color of office.

Argued March 15, 1928. Appeal No. 30, October T., 1928, by defendant from judgment and sentence of Q. S., Delaware County, September T., 1927, No. 328, in the case of Commonwealth of Pennsylvania v. George Hoagland, Jr. Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ. Affirmed.

Indictment for extortion. Before Perrin, J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Error assigned,* among others, was the refusal of binding instructions for the defendant.

*Elgin E. Weest,* and with him *Charles P. Larkin, Jr.,* for appellant.

*William Taylor,* former District Attorney, and with him *William J. MacCarten, Jr.,* District Attorney, for appellee.

OPINION BY HENDERSON, J., April 16, 1928.:

The appellant was convicted under the Act of June 9, 1911, P. L. 833, for extorting money from one Thomas Vonski. The only question for consideration under the statement of questions involved is whether there was sufficient evidence to support the conviction. It clearly appears that Vonski was engaged in the manufacture of intoxicating liquors, in the sale of the same, and in the operating of a gambling device known as a slot machine. For about a year he had been paying the defendant $40 a week, and for a succeeding period of about a year, the sum of $60 a week, which Vonski testified was "for protection." The case rested principally on the testimony of Vonski which was somewhat contradictory and reluctantly given. He had recently returned from a prison in New Jersey to which he was committed by the Federal Court for violation of the prohibition law, and was apparently not disposed to give more evidence than could be elicited from him by leading questions. His testimony shows, however, that he paid to Hoagland in the aggregate $9,500 for what he described as protection, that was, protection to sell liquor. He testified that the defendant told him it was "protection money." When the amount was changed from $40 to $60 a week, the witness said that the defendant changed it; that he, the defendant, came over to see the witness who gave him $40 which the defendant said was not enough, that he wanted $60. He took the $40, however, and brought it back the next day and said that he had to have $60; that he, the witness, had a good business, and that the amount was therefore raised from $40 to $60 a week. He testified that the defendant said to him: "You don't

get raided if you pay the money.'' The evidence taken
together satisfied the jury that the defendant was guil-
ty of the offense charged, and it is difficult to under-
stand how it could be read without producing such a
conclusion on an unbiased mind.   No evidence was
offered for the defense.   Reliance is now placed on the
proposition that the evidence does not show a viola-
tion of the Act of 1911.   The offense prohibited by
that statute is not common law extortion.   The statute
makes the acts therein described misdemeanors wheth-
er committed under color of office or not.   Whoever,
therefore, by written, printed or oral communication,
intimidates, levys blackmail or extorts money or other
valuable thing from any person, is subject to the sta-
tutory penalty.   To extort is to wrest from, to exact,
to take under a claim of protection, or the exercise of
influence contrary to good morals and common honesty.
Threats and violence may be used but are not neces-
sarily involved in the offense described.   The exercise
of dishonest ingenuity in creating the impression of
influence to protect from crime may amount to the
exacting of money or other property, and the evidence
is clearly sufficient in this case to enable the jury to
find that the defendant on behalf of himself and per-
haps others was collecting from Vonski weekly tribute
as the price of protection in the violation of State and
Federal statutes.   This conduct is within the terms of
the Act of Assembly.   The case was submitted to the
jury on a charge to which no exception was taken.   The
objections to the manner of examination of the witness
Vonski were properly overruled.   The witness exhib-
ited a state of mind which made proper an examina-
tion by the District Attorney by means of leading
questions.

The assignments of error are overruled and the
judgment affirmed, and the record remitted to the court
below, and it is ordered that the defendant appear in

the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.