## Commonwealth v. Sheaffer.

*J. M. McKee*, for Commonwealth; *Luke Baker*, for defendant.

BARNETT, P. J., July 28, 1928.—The defendant was charged in the indictment, containing four counts, with resisting an officer, resisting a citizen act-

ing as an officer, assault and battery on an officer and assault and battery on a citizen. He was convicted on the first count, charging resisting an officer. Motions in arrest of judgment and for new trial are now before us.

The motion in arrest of judgment must be overruled. It is founded, not upon exceptions to the indictment, but on the alleged insufficiency of the evidence to sustain the indictment and upon exceptions to the charge of the court. Upon neither of these grounds can the motion be sustained. "Arrests of judgment arise from intrinsic causes appearing on the face of the record:" 3 Chit. Blac., page 395. In criminal cases, an arrest of judgment is founded on exceptions to the indictment: Id., vol. 4, 375. This is the general rule, although an exception exists where a pardon is pleaded before sentence:" Delaware Division Canal Co. v. Com., 60 Pa. 367, 371; Com. v. Pennsylvania R. R. Co., 72 Pa. Superior Ct. 353, 356; Com. v. Weaver, 61 Id. 571, 582; Com. v. Zaybrook, 30 Id. 111, 113; Swan v. Com., 104 Pa. 218, 221. For the purposes of such a motion, the evidence in the case forms no part of the record, nor does the charge of the court: 16 Corpus Juris, §§ 2782, 2783, page 1255; Sadler's Crim. Proc., § 516; Com. v. Nathan, 93 Pa. Superior Ct. 193.

The count in the indictment upon which the defendant was found guilty was drawn upon that part of section 8 of the Act of March 31, 1860, P. L. 382, which reads as follows: "If any person shall knowingly, wilfully and forceably obstruct, resist or oppose any sheriff, coroner (or) other officer of the Commonwealth, or other person duly authorized, in serving or attempting to serve or execute any process or order of any court, judge, justice or arbitrator, or any other legal process whatsoever, or shall assault or beat any sheriff, coroner, constable or other officer or person, duly authorized, in serving or executing any process or order as aforesaid . . . such person shall be guilty of a misdemeanor," etc.

It appeared at the trial that the Newport Borough Council had recently appointed P. R. Flurie to the office of borough policeman. The appointment was concededly void, for Flurie, at the time it was made, was a member of the council and, therefore, ineligible. Without knowledge of this fact, Flurie, in good faith, attempted, without a warrant, to arrest the defendant for a breach of the peace alleged to have been committed in his presence. The defendant, as the jury found, pushed him aside and escaped. With reference to the fact that the officer at the time of the attempted arrest did not have a warrant, the court said to the jury: "An officer who detects a man in the commission of a crime, whether it be a breach of the peace or some other offense, has a right to arrest him on view, and his right, under such circumstances, is a right under the law to take in custody a man whom he sees violating the law, and is a process, is a legal process, within the meaning of the act. So that where a police officer undertakes to arrest a man, either with a warrant authorizing him to do so or upon view of an offense committed by the man, and though he does not have a warrant for the arrest, in either case he is in the performance of his legal duty, of his common, everyday function, and in either case, within the meaning of this act, he is executing a legal process for the arrest of such offender."

The language quoted is alleged, in the first reason for new trial, to be erroneous, and we are convinced that it is so. There is authority, as we are informed by the brief of private counsel for the prosecutor, to support the position of the court at the trial. In People v. Nash, 1 Idaho, 206, 209, it is held that "the word 'process' as used in a statute punishing the offense of resisting the sheriff while attempting to serve process, is used in its extended

or unlimited sense and is equivalent to the sheriff's official authority and does not mean that the sheriff shall be protected only while he is serving written process alone. It would be a strange law that would require an officer, under sanction of an oath and the obligations of an official bond, to perform certain duties without written process and yet leave him with no protection other than that which is common to every citizen." See, also, Gollobitsch *v.* Rainbow, 84 Ia. 567, 51 N. W. Repr. 48; People *v.* Nevins, 1 Hill (N. Y.), 154, 168, 170; State *v.* Shaw, 73 Vt. 149, 50 Atl. Repr. 863, 869. The reasoning of the Idaho case appeals to the sense of justice, but it is an appeal that must be directed to the lawmakers rather than to the courts, which may not read into a statute what is not there expressed or at least plainly implied. In a penal statute, requiring strict construction, we do not believe that the words "any process or order of any court, judge, justice or arbitrator, or any other legal process whatsoever," may properly be held to include the general, unwritten authority of an officer to make an arrest in certain cases without a warrant. No court in Pennsylvania, so far as we have been able to ascertain, has ever so held. If the legislature had intended the act to be so understood, it need not have taken the pains to particularize the sort of "process" as it did, or to have used the word "process" at all. The purpose would have been more clearly and much more simply expressed by a provision for the protection of the officer "while in the exercise of his lawful authority." The Vermont statute, for example, uses the words "in the execution of his office," omitting such words as "process" and "order," which appear in our act: State *v.* Lovett, 3 Vt. 110. With the exception of the cases cited by Commonwealth's counsel, above noted, all the decisions and all the text-book authorities to which we have been referred or which we have examined seem to construe our Act of 1860, or similar penal statutes, as intending by the word "process" a written precept. See 8 Ruling Case Law, § 355, page 326; 29 Cyc., 1328, 1330, 1331; 32 Cyc., 419, and notes; 1 Whart. Crim. Law, § 650; Com. *v.* Farling, 12 Dist. R. 732; Com. *v.* Meïskey, 16 Id. 354; Com. *v.* Wertz, 20 Id. 820. It is a significant fact, as contended by counsel for the defendant, that since the passage of the Act of 1860, making resistance to an officer serving "process" a misdemeanor, the legislature, in a number of acts authorizing arrest without warrant for certain offenses, has felt it necessary to provide penalties for resistance to an officer making such arrest, which would have been unnecessary if such resistance fell within the purview of the Act of 1860. See the Vehicle Code of May 11, 1927, § 1217, P. L. 886; Act relating to Agricultural Societies, April 26, 1883, § 2, P. L. 14; Fish Law of July 28, 1917, § 145, P. L. 1215; Fish Law of May 22, 1889, § 9, P. L. 261; Game Law of May 24, 1923, § 1107, P. L. 359. It will be noted that the penalties provided in these later acts are all much less severe than that prescribed by the Act of 1860, indicating that the offenses are of a different and less serious character than that of resisting an officer armed with "process" under the Act of 1860. In Com. *v.* Nichols, 4 Dist. R. 318, the late Judge Clayton, considering this act, said: "Legal process cannot be by parol. The term indicates an authority in writing. A landlord's warrant is not legal process within the meaning of section 8 of the Penal Code. Until an appraisement has been made, the constable is only the landlord's bailiff. After appraisement, the case might be different. The Act of 1772 gives a remedy for the rescue of goods distrained, but indictment will not lie under the Act of 1860. This question does not appear to have been passed upon by the Supreme Court, but it has been decided in the case of Com. *v.* Leech, 27 Pitts. L. J. 233, and we concur in that decision."

We are of opinion that the quoted instruction to the jury involved too liberal an interpretation of section 8 of the Act of 1860, and that the officer not having been engaged in attempting to serve or execute process within the meaning of the act, the evidence is insufficient to sustain the conviction.

And now, July 28, 1928, the motion in arrest of judgment is overruled and discharged; the motion for new trial is made absolute.

From J. N. Keller, Mifflintown, Pa.