UNITED STATES of America

v.

William Joseph BURKE, Sherman Chadwick Kaminsky, Joseph Francis Nardello, and Isadore Weisberg.

Crim. Nos. 22709, 22717 and 22718.

United States District Court
E. D. Pennsylvania.

Jan. 2, 1968.

Drew J. T. O'Keefe, U. S. Atty., Robert St. Leger Goggin, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

F. Emmett Fitzpatrick, Jr., A. Charles Peruto, Melvin Dildine, Dominick Vitullo, Philadelphia, Pa., for defendant.

## OPINION

WEINER, District Judge.

Defendants herein were indicted and charged for the federal offenses of promoting and conspiring to promote extortion under state law, 18 U.S.C. §§ 1952, 371, and 2. Defendants subjected themselves to federal jurisdiction by their interstate travel for the purpose of carrying on their alleged enterprise, 18 U.S.C. § 1952(a).

The validity of this indictment raises squarely a question of statutory construction.

Defendants were allegedly involved in an interstate ring specializing in the "shaking down" of certain prominent victims whom members of the ring would entice into a compromising homosexual experience and then threaten with exposure unless a price were met. The

indictments, which defendants here move to dismiss, were drawn under a statute which in terms prohibits interstate travel "in aid of racketeering enterprises," 18 U.S.C. § 1952(a). The statute further focuses, in pertinent part, on those who cross state lines with criminal intent and thereafter perform or attempt to perform:

> (2) extortion, bribery, or arson in violation of the laws of the State in which committed or of the United States.

18 U.S.C. § 1952(b) (2). Whether defendants' alleged activity is federally proscribed can be resolved only through analysis of the statutory language and legislative history.

The anti-racketeering statute, as it applies to the present defendants, defines the federal offense of extortion by reference to the standards of Pennsylvania law. Hence to understand fully the scope of the federal crime we must examine separately both the degree of particularity with which § 1952 incorporates the state law and the substantive meaning of the incorporated Pennsylvania crime of extortion.

Section 1952, as a result of legislative compromise, is disjunctively worded so as to cover several discontinuous areas of crime. As the successive Congressional discussions show, the anti-racketeering bill, S. 1653, began with the language that was ultimately enacted into law and which proscribed, broadly, "extortion or bribery in violation of the laws of the State in which committed * * *." 107 Cong.Rec. 13,942 (July 28, 1961).

Ultimately rejected was an intermediate version which would have restricted the prohibited activity to extortion or bribery "in connection with" the crimes enumerated in the prior subsection of the statute, viz., "gambling, liquor, narcotics, or prostitution offenses," Cong.Rec. 16,-809 (August 23, 1961).

■ Lest this progression of draft versions be construed to evince a legislative intent to lend a broader reach to the final statute than its language would reasonably suggest, the House and Senate hearings consistently show what the words of the statute themselves attest: that the incorporation of state definitions for the crimes of extortion and bribery was enacted with the expectation that their content would differ substantively from state to state.[1] The term "extortion" in 18 U.S.C. § 1952 was thus intended to track closely the legal understanding under state law, and was not designed to be more generic in scope.[2] As was said in a recent case under § 1952, "[r]eference to the state law is necessary * * * to identify the type of unlawful activity in which the accused was [or was not] engaged," McIntosh v. United States, 385 F.2d 274, 276 (8th Cir. 1967). The Pennsylvania definition of extortion, therefore, is strictly controlling in the instant case.

■■ In Pennsylvania, the crime of extortion is committed, specifically, only by

> Whoever, being a public officer, wilfully and fraudulently receives or takes any reward or fee to execute and do his duty and office * * *.

---

1. The Department of Justice, for example, testified before the House Committee that it anticipated that a gambler travelling from Nevada (where gambling is lawful) to Colorado (where it is not) would not come within the reach of § 1952; travel in the opposite direction, however, would bring him within the ambit of the statute. Hearings on H.R. 6572 before Subcomm. No. 5 of the House Comm. on the Judiciary, 87th Cong. 1st Sess. at 340–41 (May 1961). Indeed, earlier in a prepared statement before the Committee, the Department of Justice had described

the aim of the bill as being "to bolster local law enforcement authorities * * *." Id. at 336.

2. Cf. the careful analysis of an analogous problem of statutory interpretation wherein Judge Higginbotham reaches the contrary conclusion as to the content lent by "federal usage" to the term "larceny" contained in § 504 of the Labor-Management Reporting Act, 29 U.S.C. § 504, in Berman v. Local 107, International Brotherhood of Teamsters, 237 F.Supp. 767, 772–773 (E.D.Pa.1964).

18 P.S. § 4318. Since none of the defendants was a public officer (although two did pose as members of the Philadelphia Police Department), the state crimes with which they were charged are those of Blackmail by injury to reputation or business, 18 P.S. § 4802; and Blackmail by accusation of heinous crime, 18 P.S. § 4803. It is the Government's contention that these crimes fall within the scope of "extortion" as intended by 18 U.S.C. § 1952.

It is true that the terms "extortion" and "blackmail" are often confused in statutory, judicial, and common, language. The Pennsylvania crime of blackmail itself is defined as being committed, *inter alia*, by "[w]hoever by means of written, printed or oral communications * * * *extorts* money * * *." 18 P.S. § 4801 (emphasis supplied).

What dicta there is in the Pennsylvania cases tending to equate the crimes of extortion and blackmail is sparse, unsupported, and seems carelessly drawn. In Commonwealth v. Kirk, 141 Pa.Super. 123, at 136, 14 A.2d 914, at 920, aff'd 340 Pa. 346, 17 A.2d 195 (1940), it is said that:

> * * * extortion is made a misdemeanor by Act of June 9, 1911, P.L. 833, 18 P.S. § 2932; Com. v. Miller, 94 Pa.Super. 499, 507, 508 [1928]; Com. v. McHale, 97 Pa. 397, 407, 410 [1881].

The statute cited therein was the predecessor to the current blackmail statute, 18 P.S. § 4801. In *Kirk*, however, as well as in *Miller* and *McHale*, the defendant and/or his associate was a public officer. There is an inferential allusion to the interchangeability of blackmail and extortion in Pennsylvania, without any cited support, in Commonwealth v. Downer, 159 Pa.Super. 626, 632, 49 A. 2d 516 (1946), and Commonwealth v. Neubauer, 154 Pa.Super. 528, 530, 16 A.2d 450 (1940). Commonwealth v. Hoagland, 93 Pa.Super. 274 (1928), seems more accurate, however, where it distinguishes the blackmail statute from common law extortion, by saying, at 276:

The offense prohibited by that statute [P.L. 833] is not common law extortion. The statute makes the acts therein described misdemeanors whether committed under color of office or not.

And Commonwealth v. Nathan, 93 Pa. Super. 193 (1928) appears simply in error as to the statutory law, where it reports, at 197:

> In common understanding, blackmail and extortion describe the same conduct. While extortion at common law was an offense commited [sic] by an officer under color of his office, the term has a broader significance in modern legislation and applies to persons who exact money either for the performance of a duty, the prevention of injury, or the exercise of influence.

Contra, 18 P.S. § 4318.

In summary, then, to commit the crime of extortion in Pennsylvania, it is no less a prerequisite that the actor be a public officer because the verb "extort" has a more generic meaning in common understanding. The crime of extortion which is "in violation of the laws of the State in which" defendants allegedly carried on their activity is committed in Pennsylvania only by "[w]hoever, being a public officer * * * takes any reward or fee * * *." Defendants are not within this class of persons. That they do not come within the ambit of the federal statute, predicated as it is upon state criminal definitions, is compellingly clear.

Having been constrained to reach this conclusion, we find one further comment in order. Defendants' "shakedown" activities, as alleged in the federal indictments, are evidently obnoxious to society. They fall easily within the category of conduct that is wrong on its face, or *malum in se;* and it is only an anomaly of the law that they are not legally proscribed, or *mala prohibita*. This is the vice of the law as it is presently written; and not the virtue of the acts as allegedly performed.

Criticism of the awkward reach of 18 U.S.C. § 1952 was not lacking when that act was under consideration by Congress. One of the most telling comments as to the act's weakness in just such a case as the present one came from a letter by the eminent penologist and authority on federal jurisprudence, Professor Herbert Wechsler:

> I have examined the bills and find that, on the whole, they represent what I believe to be an uncritical and poorly defined extension of the Federal criminal law. * * * My point is * * * that I think it should be possible to define distinctive Federal offenses with clarity and precision, or alternatively, to limit Federal action to the creation of a Federal jurisdiction which, when exercised by instituting a prosecution, would be preemptive of State prosecution for the same crime.

Hearings on H.R. 6572 before Subcomm. No. 5 of the House Comm. on the Judiciary, 87th Cong. 1st Sess. at 75 (May 1961). An evident source easily available for a federal definition of extortion in § 1952 would have been 18 U.S.C. § 1951(b) (2), where the earlier companion statute laid out the meaning of extortion for the purpose of that section:

> (2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

Section 1952 seems inadequately drawn for the purposes of covering criminal activity other than the "gambling, liquor, narcotics, or prostitution" with which the enacting Congress was really concerned at the time and which have been given federally enacted content. As a result of this flaw in conception and draftsmanship, § 1952 does not include extortionary activity such as alleged herein which is committed in those states, such as Pennsylvania, where extortion is defined with reference only to public officials.

Motion granted.