## Updegrave *v.* Alex, Appellant.

Argued April 16, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*J. J. Stephens*, of *Stephens & Kintner*, for appellant.

*Harry Doerr*, for appellee.

OPINION BY TREXLER, J., July 12, 1928:

This is an action of assumpsit brought to recover balance due for rent for one month. The tenancy was brought to a close in the beginning of March, 1926, and the amount due for said month was paid by check upon which was written "for two days rent month of March" and the check for February rent stated on its face "for rent month of February." The plaintiff testified to the various payments made by the defendant that the month of October, 1922, was skipped and that thereafter the defendant was always in arrear one month; the rent being $225 a month until February, 1924, when it was raised to $300.

The defendant testified that he had paid the rent each month and produced checks showing such payments with the exception of October, 1922, the month which plaintiff alleges was skipped.

The defendant submitted the point: "That the check of February 15, 1926, showing on its face, 'for rent month of February,' the presumption is that all former rent was paid by the defendant; and the same presumption arises with reference to the check of March 20, 1926, 'for two days' rent, month of March'." Answer: "We affirm that point, that is correct. There is a presumption of payment from a check showing

payment on its face. However, that is subject to explanation and rebuttal on the part of the other party to the proceeding; and after all, it becomes a question for you to determine under the whole evidence who is right in the contention.'' This answer of the court furnishes the basis for the first assignment of error. We see no error in this. The very fact that defendant asked the court to state, there was a presumption implied that such notation on the check designating the application of the proceeds was not conclusive of the fact that all prior amounts had been liquidated, but that fact was as the court stated, rebuttable.

The second assignment is directed to the refusal of the court to enter judgment n. o. v. This was not supported by a motion for binding instructions; at least, none appears on the printed record before us. It is true that after plaintiff rested defendant did ''Move for judgment for the defendant'' but this is not the procedure contemplated by the Act of April 22, 1905, P. L. 286. The time was not ripe for that unless the defendant rested his case. When he proceeded to offer his side of the case, the above motion availed him nothing. When the court charged the jury, that was the time to present his point for binding instructions, for under the above act, the point reserved must ask for judgment upon the whole record. The Act of 1905, supra, was not intended to be a substitute for the motion for a non-suit. In order that there be a proper motion for binding instructions, such point must be submitted when the whole case has been presented. Moreover, to secure the benefits of the act, the procedure prescribed by it must be followed: West v. Manatawny Mut. F. & S. Ins. Co., 277 Pa. 102, at least, in so far that a motion for judgment n. o. v. must be made. Such was not made in this case.

The defendant claims that there was such fundamental error that the judgment should be reversed.

This error, it is claimed, is found in the admission of the record of a bank showing that no check was drawn against his account by the defendant in the sum of $225 which was the amount of rent due for the month. The witness was the bookkeeper, having in charge the bookkeeping of the bank. His testimony was admitted without objection.

As the dispute between the parties was as to whether the rent for October, 1922, had been paid and as the usual method employed by the defendant was to pay by check, it was competent to prove that in said month no check was issued for said amount, nor two checks each for said amount in the following month. If there was any objection to this proof, the defendant should have urged it when the trial offered. The defendant, by his silence, acquiesced, and as far as the record discloses, the witness was qualified and the inquiry pertinent.

The assignments are overruled and the judgment is affirmed.