National Cash Register Company *v.* Kline, Appellant.

300

Argued April 23, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*I. Morton Meyers,* and with him *James A. Graham* and *Russell R. Yost,* of *Graham, Yost & Meyers,* for appellant.

*J. Earl Ogle, Jr.,* for appellee.

Per Curiam, July 10, 1930:

This is an action of replevin to recover possession of a cash register which had been levied upon by the landlord for non-payment of rent. The statement of the question involved submitted by the appellant is: "May

a deputy constable conduct the proceedings subsequent to a distraint for unpaid rent under the Landlord and Tenant Act of March 21, 1772, 1 Smith Laws, 370, so as to pass title to a purchaser at the sale?'' The court answered in the negative.

We have recently come to a contrary conclusion in the case of National Cash Register Co. v. Berg et al., 99 Pa. Superior Ct. 34, where in an opinion by Judge GRAFF, we held that a deputy constable can perform the duties which a constable is authorized by law to perform and the question, so far as this court is concerned, is settled.

The appellee advances other reasons for sustaining the setting aside of the proceedings instituted by the landlord.

(a) The appraisers did not subscribe the oath prescribed by the act. The evidence discloses that the proper oath was administered. The act requires that the appraisers shall take the oath. There is nothing that requires the oath to be reduced to writing, although that practice is commendable.

(b) The notice of the levy states that there was seized under the writ, one cash register and all other articles; the other articles being a dog and an aquarium. The dispute in this case is about a cash register and the dog and aquarium are not involved. We certainly will not hold that where distraint is made and there is no proper notice as to some article which is to be sold that the whole distraint thereby becomes void. As far as the cash register is concerned, the matter was regular.

(c) Plaintiff likewise asserts that it was not shown by competent evidence that the appraisers were reputable freeholders. There was sufficient testimony (to which no proper objection was made) to support the conclusion that the appraisers were reputable freeholders. We are not prepared to say that the only proof that a man is a freeholder is the record evidence.

302

That was the only objection urged to the admission of the testimony. See National Cash Register Co. v. Kirkpatrick, 16 D. R. 256.

The judgment is reversed and is now entered for the defendant for $170 with interest from the 14th of August, 1929, appellee to pay the costs.