## Noon et al. *v.* Rodstein, Appellant.

*Brokers—Real estate—Commissioners—Case for jury—Evidence—Sufficiency.*

In an action to recover commission for the sale of real estate, the case is for the jury and a verdict will be sustained, where the evidence established that the plaintiffs secured a purchaser for the property, but the defendant's wife refused to sign the deed and the sale was not consummated.

The fact that the vendor's wife refused to sign, does not prevent the brokers receiving commissions for procuring purchasers for the property.

It is always competent for the parties to a written contract to show that it was subsequently abandoned, in whole or in part, modified, changed or a new one substituted. And this may be shown by parol by showing either an express agreement, or actions necessarily involving the alterations.

Argued April 22, 1926. Appeal No. 187, April T., 1926, by defendant, from judgment of C. P. Cambria County, June T., 1925, No. 15, in the case of Charles P. Noon and W. S. Sheridan v. Julius Rodstein. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit to recover commission earned in the sale of real estate. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for the plaintiffs in the sum of $509.75 and judgment thereon. Defendant appealed.

*Errors assigned* were various ruling on evidence and the charge of the court.

*D. P. Weimer,* for appellant.

*I. Morton Meyers,* and with him *Graham & Yost,* for appellees.

OPINION BY TREXLER, J., July 8, 1926:

This was a suit brought by Charles P. Noon and W. S. Sheridan, licensed real estate brokers, in the City of Johnstown. Sheridan had secured a written option from the defendant giving him the exclusive right to sell a piece of the defendant's real estate.

Sometime before the expiration of the option, the agreement was changed and it was orally agreed that

the plaintiffs were to sell the real estate and the amount of $3500 was to come to the vendor clear of any commissions, and all above $3500 was to go to the real estate agents for services.

Shortly afterwards, the plaintiffs secured purchasers for the property, but defendant's wife refused to sign the deed and the sale did not go through. Defendant testified his only defense is that his wife would not sign. There seems to be no question that the brokers earned their commission when they secured purchasers for this property. The fact that the vendor's wife refuses to sign, does not prevent their receiving commission for procuring purchasers for the property.

The first objection raised by the defendant is that there is a misjoinder of the parties, that the plaintiffs sued jointly and the proof showed the written contract was with Sheridan alone. We do not think there is any merit in this contention.

Although the option was in Sheridan's name, the undisputed testimony was that they were both in conference with the defendant who testified at the trial that both Sheridan and Noon came to his place of business and asked him for the option and he states he was dealing with them and he gave an option to these people to sell the ground. Sheridan had a printed option blank with him and the option was made out on this blank because it was the only one available. Sheridan's name, alone, was printed on the blank, but the testimony of the defendant and the subsequent transactions show plainly that the defendant's dealings throughout were with both parties, so even if the option was made in Sheridan's name, both parties were employed, and both were principals.

The defendant denied that he made any oral agreement which took the place of the written option. This matter was properly left to the jury by the trial judge. "It is always competent for the parties to a written

contract to show that it was subsequently abandoned in whole or in part, modified, changed or a new one substituted. And this may be shown by parol by showing either an express agreement or actions necessarily involving the alterations.'' Hudson v. Hyman, 85 Superior Ct. 248.

The assignments of error are overruled. The judgment is affirmed.