Granato, Appellant, *v.* Wise.

Argued October 8, 1928.

Before Porter, P. J., Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*Albert T. Hanby,* and with him *Frank Bechtel, Jr.,* for appellant, cited: Charlap v. Lepow, 87 Pa. Superior Ct. p. 466; Buehler v. Fashion Plate Company, 269 Pa. 428.

*S. S. Herman,* for appellee.

OPINION BY LINN, J., November 14, 1928:

The only question concerns the exercise of judicial discretion. Plaintiff had a verdict for injury received in a collision. Defendant's motion under the Act of 1905, P. L. 286, for judgment n. o. v. was granted for lack of evidence connecting defendant with the accident. Plaintiff complains of that order.

At the trial, after plaintiff had closed her case, defendant rested without offering evidence, recognizing, we may assume, that no case had been made out. The jury was then instructed, and when the charge was concluded, plaintiff proposed to supply the omission to implicate defendant by offering in evidence a paragraph from the statement of claim (no affidavit of defense was filed) averring that the colliding automobile "was being driven by defendant, his officer, agent, servant or employe, who at that time was acting in the scope of his employment and on defendant's business." Defendant objected and the court sustained the objection. It would have been unfair at that stage of the case to permit a fatal defect in the evidence to be supplied by one party without opening the whole case to permit the other party to put in his evidence which he was not required to put in earlier because liability had not been made out. The jury nevertheless found for plaintiff. As the verdict could not be sustained without evidence implicating defendant, it was right to correct the error of the jury by appropriate order on defendant's motion for judgment under the Act of 1905. In disposing of the motion, the court had power to grant a new trial, or to enter judgment n. o. v.: March v. P. & W. C. Traction Co., 285 Pa. 413, 415. In circumstances easily imaginable it would be the duty of the court in compliance with the statute to grant a new trial, even though—as in this case—neither party specifically requested it.

The trial judge is however in better position than this court to weigh the elements necessarily determining which way judicial discretion should incline; a majority of the judges agree that no abuse of discretion appears.

Judgment affirmed.