Smith *v.* Graham, Appellant.

Argued October 27, 1930.

Before Trex-
ler, P. J., Keller, Linn, Gawthrop, Cunningham,
Baldrige and Whitmore, JJ.

*John C. Arnold,* and with him *W. Wallace Smith,* for
appellant.

*Frank G. Smith,* and with him *A. M. Liveright,* for
appellee.

Opinion by Cunningham, J., February 27, 1931:

This is an action of assumpsit to recover $500 as
commission for procuring a purchaser for certain
standing timber. At the conclusion of the trial, plain-
tiff's counsel dictated on the record an oral request
for binding instructions, but did not present a written
point. The trial judge refused the request and the
jury returned a verdict for defendant. Subsequently
the court below granted plaintiff's motion for judg-
ment n. o. v. and this appeal by defendant followed.

The order of the court below entering judgment n. o. v. was improper since plaintiff made no request in writing for binding instructions at the time of trial. The Act of April 22, 1905, P. L. 286, which authorizes the granting of such motions, requires a written point for charge, and its terms have been held to be mandatory: Leonard Company v. Scranton Bottling Company, 90 Pa. Superior Ct. 360; Hanick v. Leader, 243 Pa. 372. On the authority of these cases, we are compelled to reverse the judgment for plaintiff, but it does not follow that judgment should be entered for defendant on the verdict.

Plaintiff testified that in June, 1926, he entered into an oral contract with defendant, by the terms of which he was to estimate and appraise the standing timber on a certain plot of land belonging to the latter and obtain a purchaser therefor. For his services he was to receive five per cent. of the selling price. He further testified that he made an appraisal and secured a purchaser, who agreed to pay $11,000 cash for the timber; that he informed defendant of the success of his negotiations and the terms were satisfactory to her, but she refused to give a deed for the timber or pay him for his services, except $50 on account.

The defense presented was that under the contract plaintiff was to get a commission only if a sale was actually consummated, and that defendant was unable to give a deed to the timber, not through any fault of her own, but because her husband was unwilling to join in the conveyance. In support of this contention, defendant testified that plaintiff, as well as everyone else in the community, knew that her husband objected to the sale. She admitted, however, writing to plaintiff offering to execute an agreement and receive the cash for the property, and finally stated that the only obstacle to the sale was the fact that she could not obtain her husband's signature,

and so give a good title. Moreover, it was brought out that at the time she entered into her contract with the plaintiff, neither she nor he realized that the husband's signature was necessary to a sale, and that this was not brought to their attention until some time in the spring of 1927 after the purchaser had been procured. There was no suggestion that either purchaser or price was not agreeable to her.

Under this state of facts, plaintiff is clearly entitled to his commission whether a sale was consummated or not. The contract between the parties amounted to no more than the usual brokerage agreement. The plaintiff is not to be denied recovery because no sale took place, where it was prevented solely by the inability of defendant to give title. This was a default on her own part, over which plaintiff had no control, and for which he should not be held responsible. There was nothing to show that the obtaining of the husband's signature was an essential part of the contract. In fact, by the evidence of defendant herself, this problem was not contemplated at the outset. Plaintiff secured a purchaser, who was ready and willing to buy the property on terms satisfactory to defendant, and this is all that he was required to do. He does not lose the right to a commission because the owner of the property was subsequently prevented from carrying out her part of the contract: Aber v. Pennsylvania Company, 269 Pa. 384. The language employed in Noon v. Rodstein, 89 Pa. Superior Ct. 153, 155, is applicable here: "Shortly afterwards, the plaintiffs secured purchasers for the property, but defendant's wife refused to sign the deed and the sale did not go through. Defendant testified his only defense is that his wife would not sign. There seems to be no question that the brokers earned their commission when they secured purchasers for this property. The fact that the vendor's wife re-

fuses to sign, does not prevent their receiving commission for procuring purchasers for the property.''

Had a point for binding instructions been properly presented, we would have sustained the judgment, but for the reason stated are obliged to reverse. Plaintiff, however, also filed a motion for a new trial which was not formally disposed of below.

The judgment in favor of plaintiff is reversed and the record remitted with instructions to grant plaintiff's motion for a new trial.