## Handwerk v. Bortz

*Walker & Walker*, for plaintiffs.

*Snyder, Wert, Wilcox, Frederick & Doll*, for defendant.

HENNINGER, P. J., September 9, 1958. — In this action in trespass, in which liability was disputed, plaintiff won a sealed verdict for $500 marked "for pain and suffering," although the parties had stipulated that the automobile repairs amounted to $200, a hospital bill of $81.90 and a doctor bill of $65 were undisputed and no allowance was made for loss of wages.

Plaintiff has moved to amend the verdict to include these items, but since this was a sealed verdict, we have no right to mold it after dispersal of the jury to include items not mentioned in the sealed verdict: Reed v. Kinnik, 389 Pa. 143, 150; Havranek v. Pittsburgh, 344 Pa. 375, 379; Eastley v. Glenn, 313 Pa. 130, 134.

Nor may we grant plaintiff's motion for judgment n. o. v. Plaintiff cites in support of this motion the cases of Schwarz v. Bank of Pittsburgh National Association, 28 Pa. 200, and Stierheim v. Bechtold, 158 Pa. Superior Ct. 107, in which the court granted judgment n. o. v. for the amount due where the jury had awarded a lesser amount.

Both of these cases, however, were actions in assumpsit and in both cases the respective courts stressed the point that judgment could be entered for the correct amount despite a verdict in a lower amount only when the court in the first instance should have entered a directed verdict in the first place upon a point for binding instructions for plaintiff.

Since a directed verdict could not have been entered in this case, we cannot enter judgment n. o. v. for plaintiff for a higher amount than the verdict although the means are within our power to determine what the verdict should have been. Nor can we be certain that the jury would have granted plaintiff all the wages claimed to have been lost.

We do, however, have the power to grant a new trial upon a motion for judgment n. o. v. (Granato v. Wise, 94 Pa. Superior Ct. 346; Smith v. Graham, 101 Pa. Superior Ct. 604), and we have recently done so in Conway v. The Home Life Insurance Company of America, no. 146, January term, 1957.

The jury has certainly decided the issue of fact concerning liability in plaintiff's favor by making an

258

award for pain and suffering. A device recently promulgated by our Supreme Court (Van Buren v. Eberhard, 377 Pa. 22, 34; Hanus v. K. M. B. Construction Company, 392 Pa. 307, 309) and adopted by us in Snyder v. Scheirer, no. 193, April term, 1952, permits the granting of a new trial for the sole purpose of determining the damages to which a party is entitled.

We intend to use that device most sparingly but we are of the opinion that this is another case in which it would be expedient.

Now, September 9, 1958, the verdict rendered in above captioned action is set aside to the extent that the amount of the verdict is concerned and a new trial is awarded solely to determine the amount of damages to which plaintiff is entitled.